JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Rebecca Corbett ("Corbett"), appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} Corbett filed her complaint on November 5, 2006, alleging dental malpractice against John Kostas, D.D.S. ("Dr. Kostas"). Dr. Kostas filed an answer denying the allegations and twice filed a motion to dismiss for plaintiffs failure to comply with Civ. R. 10(D)(2), both of which were denied. Corbett did not produce an expert report prior to the court-ordered date of May 16, 2007. Corbett conducted a deposition of her subsequent treating dentist, but conducted no further expert evaluation and identified no expert to the court. Dr. Kostas filed a motion for summary judgment on June 2, 2007.
 {¶ 3} In response to Dr. Kostas' motion for summary judgment, Corbett filed a "Partial Response to Summary Judgment" on July 5, 2007. The partial response lacked evidence contradicting the motion for summary judgment. A supplemental response to summary judgment/request to add count on informed consent was filed by Corbett on July 24, 2007, and summary judgment in favor of Dr. Kostas was rendered on July 27, 2007. Nothing in the lower court's ruling indicated that summary judgment was granted due to Corbett's failure to comply with Civ. R. 10(D)(2). A notice of appeal was filed on August 22, 2007. *Page 4 
 {¶ 4} According to the record, Dr. Kostas extracted Corbett's few remaining maxillary teeth and prepared a denture. Dr. Kostas testified that the techniques applied, standards followed, and treatment plan undertaken on behalf of Corbett were consistent with the standard of care prevailing in the dental community.
 II. {¶ 5} Corbett's assignment of error provides the following: "The trial court erred in granting the motion for summary judgment under the two potential claims made in the summary judgment; 1. that there was no expert testimony to support her claim and 2. that plaintiff failed to comply with the mandates of Rule 10(D)(2) and so denied plaintiff due process; Ohio Constitution, Bill of Rights, Article I, Section 16."
 III. {¶ 6} Corbett argues in her sole assignment of error that the lower court erred in granting summary judgment. Specifically, Corbett argues that she was denied due process when the summary judgment motion was granted in Dr. Kostas' favor.
 {¶ 7} Civ. R. 10(D)(2), affidavit of merit; medical liability claim, provides the following:
 "(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following: *Page 5 
 (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
 (ii) A statement that the affiant is familiar with the applicable standard of care;
 (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.
 * * *
 (d) An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment. Any dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits." (Emphasis added.)
 {¶ 8} Appellate review of summary judgment is de novo. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241;Zemcik v. LaPine Truck Sales Equip. (1998), 124 Ohio App.3d 581, 585,706 N.E.2d 860.
 {¶ 9} The Ohio Supreme Court set forth the appropriate test inZivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389,696 N.E.2d 201, as follows:
 "Pursuant to Civ. R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."
 {¶ 10} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by *Page 6 
affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ. R. 56(E);Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389,667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95,604 N.E.2d 138.
 {¶ 11} In order to establish medical malpractice it must be shown by a preponderance of the evidence that the injury complained of was caused by the doing of some particular thing or things that a physician or surgeon of ordinary skill, care, and diligence would not have done under like or similar conditions or circumstances, or by the failure or omission to do some particular thing or things that such a physician or surgeon would have done under like or similar conditions and circumstances, and that the injury complained of was the direct result of such doing or failing to do some one or more of such particular things. Ault v. Hall (1928), 119 Ohio St. 422; Bruni v. Tatsumi (1976),46 Ohio St.2d 127, 131. The applicable standard of care requires a dentist to possess such skill and use such care and diligence in his treatment as similar dentists would under similar circumstances.Rush v. Akron Gen. Hosp. (1957), 84 Ohio L.Abs. 292, 171 N.E.2d 378.
 {¶ 12} In the case at bar, the only standard of care discussed by Corbett's subsequent treating dentist concerned taking an x-ray before extraction.[1] The record reflects no other testimony regarding any other aspect of the treatment provided by Dr. Kostas. There is nothing in the record demonstrating that the residual tip found in appellant's gum was the *Page 7 
result of negligence. In fact, Dr. Weiser conceded that such a result was not necessarily a breach of the standard of care.
 "Q. The fact that there was a root tip or tooth No. 11 left behind does not necessarily indicate a breach of the standard of care by a dentist who conducts an extraction, does it?
 A. I don't know that I — Probably not. When you talk about standard of care, I've heard different things on what — I think who decides the standard of care, you know, is it attorneys or dentists or a jury? I've heard different opinions on that, so —
 I think there are times when a root tip can be left behind because perhaps the risk of extracting it might outweigh the risk of leaving it, if that answers your question.
 Q. Close enough. Okay. I'm going to need to see the exhibits here. Mr. Jones has provided numerous exhibits for your attention and I want to direct your attention to plaintiff's Exhibit No. 14, which purports to be correspondence dated January 11th by Mr. Jones directed to our attention.
 Is it your understanding, based on what was set forth in that letter, that you have been hired as the expert witness on behalf of your patient?
 A. No.
 Q. So you're not providing any opinions today as an expert who is willing to review medical records and make an opinion regarding the standard of care of Dr. [John] Kostas, correct?
 A. I think that would be correct. Again, I'd probably want to consult with my carrier.
 * * *
 Q. * * * Mr. Jones has marked for this deposition plaintiff's Exhibit 5. As far as you're concerned that is not an opinion — an expert opinion letter, is that correct? *Page 8 
 A. Correct. This was just a summary of my findings.
 Q. In other words, you are not setting forth in that letter that Dr. Kostas breached the standard of care as a dentist are you?
 A. No.
 Q. Okay. Thank you.
 A. Mm-hmm.
 Q. As we sit here today, you are not prepared to sign an Affidavit suggesting that there is any basis to go forward with a dental malpractice case against Dr. Kostas, are you?
 A. No.
 Q. Okay. I have no further questions. Thank you."[2] (Emphasis added.)
 {¶ 13} The evidence demonstrates Dr. Weiser declined to sign an affidavit. Corbett's counsel concedes in his brief that Dr. Weiser was in receipt of an affidavit and did not sign or return it. She states that Dr. Weiser did not sign the affidavit at the direction of his malpractice carrier. In addition, Corbett complains about the high cost of experts and the low dollar amount of damages not justifying the expense of an expert in this case. However, Corbett's challenges did not relieve her of the need to obtain expert evidence. She was free to obtain affidavits and evidence from other less expensive or less constrained experts in order to rebut Dr. Kostas' experts.
 {¶ 14} In order to prevail in a medical malpractice claim, a plaintiff must demonstrate through expert testimony that, among other things, the treatment provided did not meet the *Page 9 
prevailing standard of care. Proof of the recognized standards must necessarily be provided through expert testimony. That expert must be qualified to express an opinion concerning the specific standard of care that prevails in the medical community in which the alleged malpractice took place according to the body of law that has developed in that area of evidence. Sullins v. Univ. Hosps., Cuyahoga App. No. 80444, 2003-Ohio-398.
 {¶ 15} We find no error on the part of the lower court. Summary judgment was properly granted in favor of Dr. Kostas. The record demonstrates Corbett failed to produce sufficient evidence to create a genuine issue of material fact. Moreover, Corbett failed to set forth expert medical testimony necessary to rebut Dr. Kostas' affidavits and demonstrate that Corbett's treatment fell below the standard of care. Summary judgment was properly granted in favor of Dr. Kostas.
 {¶ 16} Corbett's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] Tr. 21-22.
[2] Tr. 41-43. *Page 1