[Cite as *Myers v. John A. Hudec Cleveland Dental Ctr., Inc.*, 2022-Ohio-80.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

FREDERICK W. MYERS,                        :

    Plaintiff-Appellant,            :

                          No. 110328

    v.                                          :

JOHN A. HUDEC CLEVELAND          :
DENTAL CENTER INC. D.B.A.
HUDEC DENTAL LORAIN, ET AL.,    :

    Defendants-Appellees.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 13, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-909213

---

***Appearances:***

LINNEN CO., L.P.A., and Jerome T. Linnen, Jr., *for
appellant*.

Patrick S. Corrigan, *for appellees*.

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant Frederick Myers ("Myers") appeals the trial court's decision granting defendants-appellees John Hudec Cleveland Dental Center, Inc., Hudec Dental Center, Inc., Hudec Dental Associates, Inc. (collectively "Hudec"),

Rachel Koshy, D.D.S. ("Dr. Koshy"), and Dental Assistant Xiomara Rosario's ("Rosario") motion for summary judgment on all four counts of Myers's complaint. We affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} On January 7, 2017, Myers went to Hudec for dental treatment. At the time, Myers was confined to a wheelchair, because he had neurological impairment in both of his legs. Myers's son initially assisted Myers into the dental office waiting area but then left to go to work. When Myers arrived at the dentist office, Rosario wheeled him to a room to perform a panoramic x-ray. However, Rosario could not successfully maneuver Myers and the wheelchair into the correct position to perform the x-ray. Myers alleged that Rosario provided him assistance by holding onto his right arm in order to get him to stand up. However, according to Myers, Rosario released his arm, and Myers fell to the floor fracturing his right ankle.

{¶ 3} Rosario testified that Myers stated he was able to stand for a few minutes in order to get the x-ray completed correctly. Rosario also stated that when Myers stood up, he was holding on to the machine's handles, but he was struggling. Rosario attempted to help him, but at that moment Myers fell. Myers was then lifted from the floor by two staff members and placed back into his wheelchair. According to Rosario, Myers informed the staff that he was uninjured and able to proceed with the examination.

{¶ 4} Dr. Koshy, the dentist that treated Myers, testified that she examined him after the incident, and Myers did not indicate that he had been injured. Before Dr. Koshy began Myers's examination, Dr. Koshy asked Myers why he was in the wheelchair. Myers explained his condition to Dr. Koshy. Dr. Koshy suggested to Myers that she could conduct his examination while he was seated in the wheelchair. Dr. Koshy testified that Myers stated he was able to move himself to and from the wheelchair without any help. Dr. Koshy testified that she treated him for two-and-a-half hours, and Myers was able to transfer himself to the dental chair from the wheelchair without any aid. Dr. Koshy did not know that Myers fell or was injured until after he left the appointment. Dr. Koshy testified that Rosario did not make it clear to her that Myers fell to the floor, but rather Dr. Koshy thought Myers fell back into his wheelchair. After Myers's appointment, his son, James Myers ("James") arrived to take him home. The next day, Myers called James and told him that his ankle was swollen.

{¶ 5} On July 1, 2018, Myers filed a complaint against Hudec, Dr. Koshy, and Rosario for negligence to recover for injuries he suffered from the fall during the x-ray exam. Myers argued that the defendants knew or should have known that he was unable to safely ambulate on his own. Myers then filed a motion for extension of time to file an affidavit of merit. Hudec then filed a motion to dismiss, arguing that Myers had not filed an affidavit of merit. On December 17, 2018, Myers filed a notice of voluntary dismissal without prejudice and refiled the complaint on

January 7, 2019, asserting four claims for negligence and punitive damages for reckless conduct.

{¶ 6} In Count I, for dental negligence, Myers argued that Hudec failed to exercise ordinary care and deviated from the acceptable standard of care for dental assistants and licensed dentists. Myers also filed an affidavit of Dr. Edmund D. Effort ("Dr. Effort"), a dentist who was identified as Myers's expert witness. Dr. Effort testified that based on the Myers's condition, adequate assistance was not provided by Hudec Dental.

{¶ 7} In Count II, Myers argued that Rosario was negligent because she knew or should have known that Myers could not stand without assistance and failed to exercise necessary care. In Count III, Myers alleged that Hudec was negligent for failing to train Rosario on how to exercise necessary care. In Count IV, Myers contends that Rosario acted negligently in the care of Myers because she tried three to four times to get Myers's wheelchair over an obstruction in the floor, ramming the wheels, and nearly throwing Myers from the wheelchair.

{¶ 8} Unfortunately, on March 31, 2019, Myers died and his son William Myers ("William") was thereafter appointed administrator of his estate. On September 16, 2019, William was substituted as the plaintiff. On November 2, 2020, Hudec filed a motion for summary judgment.

{¶ 9} In Hudec's motion for summary judgment, they argued that Myers did not provide an expert to establish that Hudec deviated from the acceptable standard of care under the circumstances; did not provide an expert architectural

opinion to establish that the Hudec Dental facility failed to comply with the Americans with Disabilities Act ("ADA") and the Ohio Building Codes; did not provide evidence for his claim of negligent hiring, supervision, training, and retention of Rosario; and, did not provide evidence to establish a malicious intent required for punitive damages.

{¶ 10} The trial court granted Hudec's motion for summary judgment on February 1, 2021. In its judgment entry, the trial court stated:

> Defendants' Motion for Summary Judgment, filed 11/2/2020, is granted. The court finds that Plaintiff has failed to establish any liability or breach of standard of care by John A. Hudec, Dental Associates, Inc., Hudec Dental Center, Inc., Hudec Dental Associates, Inc., Rachel Koshy, D.D.S., or Xiomara Rosario. Plaintiff failed to establish that any conduct of the dental staff was inconsistent with the standard of care for the practice of dentistry. Furthermore, as set forth in R.C. 2305.113(E)(6), the court finds that each of the counts in Plaintiff's Complaint are derivative of Plaintiff's dental malpractice claim as Plaintiff's claims for the injury sustained were received while in the care of a medical professional. In viewing the facts and construing the evidence in the light most favorable to the Plaintiff as the non-moving party, the Court finds that there are no genuine issues of material fact and that reasonable minds could only come to one conclusion: Defendants are entitled to judgment as a matter of law under Civ.R. 56(B) and (C) on all Plaintiff's claims. Plaintiff's claims are hereby dismissed with prejudice. This entry is a final order that terminates the case, with not just reason for delay.

Journal entry No. 2245060 (Feb. 1, 2021).

{¶ 11} William, on behalf of Myers, filed this appeal, assigning two errors for our review:

> I.    The trial court erred as a matter of law in concluding Plaintiff was required to present expert testimony to establish a prima facie case for negligence because the Plaintiff's claims arose out of an incident ancillary to dental treatment; and,

II.   The trial court erred in dismissing Count I based on dental negligence in that Plaintiff's affidavit of merit submitted with the Complaint was sufficient to comply with the report requirements under Local Rule 21.1. and Ohio Civ.R. 26(B)(7).

## II.   Summary Judgment

### A.   Standard of Review

{¶ 12} "We review a trial court's decision on summary judgment under a de novo standard of review." *Elam v. Woodhawk Club Condominium*, 8th Dist. Cuyahoga No. 107092, 2019-Ohio-457, ¶ 7, citing *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). "We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate." *Bank of Am., N.A. v. Michko*, 8th Dist. Cuyahoga No. 101513, 2015-Ohio-3137, ¶ 11.

> Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

*Id.* at ¶ 12.

{¶ 13} "On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate its entitlement to summary judgment." *Id.* at ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

> If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the

nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. Summary judgment is appropriate if the nonmoving party fails to meet this burden.

*Williams v. AVI Food Sys.*, 8th Dist. Cuyahoga No. 109222, 2020-Ohio-5001, ¶ 11, citing *Dresher* at 293.

### B.  Expert Testimony and Dental Negligence

{¶ 14} In Myers's first assignment of error, he argues that the trial court erred when it determined that he was required to present expert testimony to establish a prima facie case for negligence. "In order to establish a prima facie case of negligence, a plaintiff must show the existence of a duty and breach of that duty." *Edmonds v. Corporate Servs. Mgt. Estates*, 8th Dist. Cuyahoga No. 68016, 1995 Ohio App. LEXIS 4831 (Nov. 2, 1995), citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶ 15} The trial court, in its judgment entry, stated:

Plaintiff has failed to comply with Ohio Civil Rule 26 and Cuyahoga County Local Rule 21.1 by failing to submit an expert report by the Court established Deadline. Plaintiff has therefore failed to set forth the expert medical testimony necessary to rebut Defendants' expert opinions and demonstrate that Defendants' treatment fell below the standard of care. *See, Corbett v. Kostas,* 8th Dist. Cuyahoga No. 90329, 2008-Ohio-3967. * * * Without expert testimony, Plaintiff is unable to demonstrate that his injuries were caused by treatment that fell below the standard of care and therefore cannot prove a prima facies case of negligence. Furthermore, Plaintiff did not submit an architectural or other expert opinion in support of their allegations regarding the dental offices' compliance with the American Disabilities Act to rebut Defendants' expert.

Journal entry No. 2245060 (Feb. 1, 2021).

{¶ 16} Civ.R. 26(B)(7)(b) states:

The reports of expert witnesses expected to be called by each party shall be exchanged with all other parties. The parties shall submit expert reports and curricula vitae in accordance with the time schedule established by the Court. The party with the burden of proof as to a particular issue shall be required to first submit expert reports as to that issue. Thereafter, the responding party shall submit opposing expert reports within the schedule established by the Court.

{¶ 17} "Under the local rules of practice, each party has an obligation to provide a report to his or her opponent from each expert witness whom the party expects to call at trial." *Lowe v. Univ. Hosps. of Cleveland*, 8th Dist. Cuyahoga No. 80341, 2002-Ohio-4084, ¶ 21, citing Loc.R. 21.1, Part I(A), of the Cuyahoga County Court of Common Pleas, General Division. "Local Rule 21.1 then permits a party to take a discovery deposition of an opponent's expert, 'after the mutual exchange of reports has occurred.'" Loc.R. 21.1, Part I(F).

{¶ 18} Myers argues that some medical or dental claims do not require a plaintiff to provide an expert opinion on the standard care. The term "standard of care" is not explicitly defined by the courts, but

[g]enerally, the "standard of care and skill" expected of a dentist must "be determined from the testimony of [dental] experts," but "where the nature of the case is such" that the cause of the plaintiff's injury "is so apparent as to be within the comprehension of lay[persons] and requires only common knowledge and experience to understand," expert testimony "is not necessary."

*Adkinson v. Alex Bell Dental — Daniel Cobb DDS, LLC*, 2020-Ohio-5269, 162 N.E.3d 187, ¶ 19 (2d Dist.), citing *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 130, 346

N.E.2d 673 (1976); *see also Dickerson Internationale, Inc. v. Klockner*, 139 Ohio App.3d 371, 743 N.E.2d 984 (2d Dist.2000).

{¶ 19} Myers cited *Dimora v. Cleveland Clinic Found.*, 114 Ohio App.3d 711, 683 N.E.2d 1175 (8th Dist.1996), to support his contention, where the court held that "expert opinion testimony is unnecessary to establish the standard of care and the breach thereof." *Id.* at 718. In *Dimora*, the plaintiff, while a patient in the psychiatric unit at Cleveland Clinic, fell and injured herself after a nurse left her alone in the bathroom, even though the nurse was aware that the plaintiff was a high risk for falls. The court held that "matters of common knowledge and experience, subjects which are within the ordinary, common and general knowledge and experience of mankind, need not be established by expert testimony." *Id.*, citing *Johnson v. Grant Hosp.*, 31 Ohio App.2d 118, 124-125, 286 N.E.2d 308 (10th Dist.1972). The facts in the *Dimora* case are distinguishable from the facts in the instant case because Myers was not left alone nor did Rosario have knowledge that he was a high risk for falls. In fact, the record reveals that Myers told Rosario that he was able to stand on his own for a few minutes.

{¶ 20} Myers cited other cases where the courts have held that if patients are left unattended in hospitals and experience an injury, expert testimony is not necessary to establish a standard of care. However, these cited cases are distinguishable from this instant case because Myers was not a patient at a hospital, and again Myers was not left unattended. According to Rosario's testimony, Myers

expressed that he could stand for a few moments for x-rays. Rosario never left Myers unattended, and as soon as she was no longer holding on to him, he fell on to the floor. He argues that Rosario's standard of care was negligent for a dental office. We determine that this claimed standard must be established by an expert.

{¶ 21} Under R.C. 2305.113(E)(6), the term "[d]ental claim" is defined as any claim that is asserted in any civil action against a dentist, or against any employee or agent of a dentist, and that arises out of a dental operation or the dental diagnosis, care, or treatment of any person, including derivative claims for relief that arise from a dental operation or the dental diagnosis, care, or treatment of a person. R.C. 2305.113(E)(6). The trial court, in its decision, cited *Corbett*, which states, "[i]n order to prevail in a medical malpractice claim, a plaintiff must demonstrate through expert testimony that, among other things, the treatment provided did not meet the prevailing standard of care. Proof of the recognized standards must necessarily be provided through expert testimony." *Corbett*, 8th Dist. Cuyahoga No. 90329, 2008-Ohio-3967, at ¶ 14. Myers argues that Rosario knew or should have known that Myers was unable to stand on his own because of his visible condition. Myers also argues that Rosario did not inquire as to why he was in the wheelchair before trying to perform the panoramic x-ray. Myers contends that Rosario did not need Myers to get out of the wheelchair to perform the x-ray because the panoramic x-ray machine is ADA compliant, and Myers did not need x-rays for the dental care provided. While Myers's arguments may be valid, he would need to

provide expert testimony that Rosario's behavior and treatment of Myers fell below the recognized standards of a dental office. *Id.*

{¶ 22} We determine that Myers's arguments are not matters of common knowledge and experience, subjects which are within the ordinary, common, and general knowledge and experience of mankind. There are circumstances when an expert witness is unnecessary. *See, e.g., Jones v. Hawkes Hosp. of Mt. Carmel,* 175 Ohio St. 503, 196 N.E.2d 592 (1964) (Court ruled that an expert witness was not necessary to determine that a nurse was negligent where the patient was in labor, left unattended for a period of from one to five minutes, fell out of the bed, and sustained injuries.); *LaCourse v. Flower Hosp.*, 6th Dist. Lucas No. L-02-1004, 2002-Ohio-3816 (Court ruled that an expert witness was not necessary to determine that an occupational therapist was negligent when she left a patient alone in the room, who had recently suffered a stroke, standing at a sink.). However, only an expert can testify as to what the standards are in a dental office regarding the taking of panoramic x-rays while a patient is in a wheelchair.

> "In order to prevail on a claim of dental malpractice or professional negligence, a plaintiff must first prove: 1) the standard of care recognized by the medical community; 2) the failure of defendant to meet the requisite standard of care; and, 3) a direct causal connection between the medically negligent act and the injury sustained."

*Tarellari v. CWRU School of Dentistry*, 8th Dist. Cuyahoga No. 84892, 2005-Ohio-2327, ¶ 10, quoting *Martin v. Ohio State Univ. College of Dentistry*, Ct. of Cl. No. 2003-01610, 2004-Ohio-1466.

{¶ 23} "The appropriate standard of care must be proven by expert testimony, and the expert testimony must explain what a medical professional of ordinary skill, care, and diligence in the same medical specialty would do in similar circumstances." *Id.*, citing *Martin, supra.* "The failure of the plaintiff to provide the recognized standards of the medical community is normally fatal to the presentation of a prima facie case of medical malpractice or negligence." *Id.* Myers recognized the need to establish expert testimony regarding his negligence claims through the filing of the affidavit of merit that confirmed that the alleged breach of the duty owed was based on the acceptable standard of care within the dental industry. At no time in the trial court proceedings did Myers claim that the negligence claim was based on the common law standard of care, but instead, required the heightened standard of a dentist and the manner in which the procedures to perform the x-ray were carried out.

{¶ 24} Because Myers failed to provide expert testimony to support his claims of dental negligence, the trial court did not err in granting Hudec's motion for summary judgment.

{¶ 25} Therefore Myers's first assignment of error is overruled.

## C.    Local Rule 21.1. and Ohio Civ.R. 26(B)(7)

{¶ 26} In Myers's second assignment of error, he argues that the trial court erred in dismissing Count I of his complaint for failure to follow Loc.R. 21.1 of the Court of Common Pleas, General Division, and Civ.R. 26(B)(7). "The Ohio Supreme

Court and this court have consistently held that the court has discretion to determine whether there has been a violation of Local Rule 21.1 and how to remedy that violation." *Djukic v. Turner*, 8th Dist. Cuyahoga No. 88849, 2007-Ohio-4433, ¶ 16.

{¶ 27} Myers contends that an affidavit of merit is only required in a dental claim if expert testimony is required to establish liability. He further argues that the trial court erred when it did not make a determination on whether an expert opinion was even required based on the facts in the record and the negligent act being asserted. Additionally, he contends that the affidavit of merit from Dr. Effort attached to Myers's complaint was sufficient under Civ.R. 10(D)(2).

{¶ 28} Civ.R. 10(D)(2) states:

Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(D).

Affidavits of merit shall include all of the following:

(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

(ii) A statement that the affiant is familiar with the applicable standard of care;

(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

{¶ 29} Myers is correct in his assertion that he submitted an affidavit of merit from Dr. Effort. However, Dr. Effort's affidavit of merit lacks all three of the above statements. It simply repeated the facts from the record without stating the applicable standard of care, how the appellees deviated from the standard, or any detail about how the failure cause Myers harm. Additionally, we find that Myers's affidavit of merit in support of a medical malpractice complaint does not create a genuine issue of material fact in summary judgment. Myers's reliance on the affidavit of merit is unfounded. "Civ.R. 10(D)(2)(d) expressly provides that '[a]n affidavit of merit is required to establish the adequacy of the complaint and *shall not otherwise be admissible as evidence* or used for purposes of impeachment.'" (Emphasis added.) *Schura v. Marymount Hosp.*, 8th Dist. Cuyahoga No. 94359, 2010-Ohio-5246, ¶ 28. "An affidavit of merit that merely sets forth the bare assertions required by Civ.R. 10(D)(2)(a) does not constitute evidence of the type enunciated in Civ.R. 56(C) to oppose a motion for summary judgment." *Id.*, citing *Braden v. Sinar*, 9th Dist. Summit No. 24056, 2008-Ohio-4330, ¶ 20.

{¶ 30} The trial court ruled that Myers failed to follow Loc.R. 21.1 and Civ.R. 26(B)(7). Loc.R. 21.1 states, in part, "Since Ohio Civil Rule 16 authorizes the Court to require counsel to exchange the reports of medical and expert witnesses expected to be called by each party, each counsel shall exchange with all other

counsel written reports of medical and non-party expert witnesses expected to testify in advance of the trial." Additionally, "[a] party may not call a non-party expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel."

> The trial court normally sets expert report deadlines in a pretrial discovery schedule. And since, under Loc.R. 21.1(B), an expert is not permitted to testify unless a written report of the expert's opinions has been provided to opposing counsel, the court could exclude an expert from testifying if the party calling the expert fails to provide the expert's report to opposing counsel by the expert report deadline.

*Bohl v. ALCOA, Inc.*, 8th Dist. Cuyahoga No. 108584, 2020-Ohio-2824, ¶ 18.

{¶ 31} Civ.R. 26(B)(7) states, in part,

> (a) A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Ohio Rule of Evidence 702, 703, or 705.
>
> (b) The reports of expert witnesses expected to be called by each party shall be exchanged with all other parties. The parties shall submit expert reports and curricula vitae in accordance with the time schedule established by the Court. The party with the burden of proof as to a particular issue shall be required to first submit expert reports as to that issue. Thereafter, the responding party shall submit opposing expert reports within the schedule established by the Court.
>
> (c) Other than under subsection (d), a party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel. The report of an expert must disclose a complete statement of all opinions and the basis and reasons for them as to each matter on which the expert will testify. It must also state the compensation for the expert's study or testimony. Unless good cause is shown, all reports and, if applicable, supplemental reports must be supplied no later than thirty (30) days prior to trial. An expert will not be permitted to testify or provide opinions on matters not disclosed in his or her report.

{¶ 32} The record demonstrates that Myers failed to comply with both Loc.R. 21.1 and Civ.R. 26(B)(7) by the deadline set by the trial court.

> The Court extended the Case Management Schedule twice and Plaintiff failed to move for additional time to file an expert report prior to the 8/31/2020 deadline. The affidavit of merit of Edmund D. Effort, which was required to establish the adequacy of the complaint, cannot be used as admissible evidence and cannot be used in support of a dental malpractice complaint to create a genuine issue of fact to defeat summary judgment. *See*, *Kinasz v. Diplomat Healthcare*, 8th Dist. Cuyahoga No. 103758, 2016-Ohio-2949, ¶ 10. Furthermore, Plaintiff's filing of Edmund D. Effort's second affidavit on 1/12/2021, which was filed simultaneously with Plaintiff's brief in opposition to Defendant's motion for summary judgment, may be considered but cannot be construed as an expert report and such report/affidavit was filed out of time and without leave of court.

Journal entry No. 2245060 (Feb. 1, 2021).

{¶ 33} "Nonetheless, it is within a trial court's discretion to admit or bar evidence." *Reed v. Hardman*, 8th Dist. Cuyahoga No. 85272, 2005-Ohio-4394, ¶ 11. Myers has not demonstrated that he complied with Loc.R. 21.1 and Civ.R. 26(B)(7) by the deadline established by the trial court. Myers filed an affidavit of merit, which was not sufficient to defeat a summary judgment motion. Therefore, Myers's second assignment of error is overruled.

{¶ 34} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, A.J., CONCURS;
LISA B. FORBES, J., CONCURS IN JUDGMENT ONLY