[Cite as *Johnson v. Jefferson Industries Corp.*, 2015-Ohio-5035.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


MARCELLE R. JOHNSON,           :

    Plaintiff-Appellant,         :          CASE NO.  CA2015-06-019

                          :          O P I N I O N
  - vs -                             12/7/2015

                          :

JEFFERSON INDUSTRIES        :
CORPORATION, et al.,

                          :
    Defendants-Appellees.

                          :


CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVD 20140259


David G. Schmidt, 614 West Superior Avenue, #1500, Cleveland, Ohio 44113, for plaintiff-appellant

Brian D. Hall, LaTawnda N. Moore, 41 South High Street, Suite 3000, Columbus, Ohio 43215, for defendants-appellees, Jefferson Industries Corp. and Administrator, BWC


**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Marcelle R. Johnson, appeals a decision of the Madison County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Ohio Bureau of Workers' Compensation ("BWC"), in a workers' compensation action. For the reasons set forth below, we affirm the decision of the trial court.

{¶ 2} It is undisputed that Johnson sustained an industrial injury on March 17, 2009. Her claim was initially allowed for bilateral knee contusions and a sprain of the left knee and leg. On September 10, 2009, Johnson sought to additionally participate in the workers' compensation fund for a right ACL tear. That additional claim was denied.

{¶ 3} On March 15, 2010, Johnson filed an appeal in the Cuyahoga Court of Common Pleas requesting the additional allowance for the right ACL tear (*Johnson I*). That appeal was subsequently transferred to the Madison County Court of Common Pleas. On June 30, 2010, the trial court dismissed the matter without prejudice.

{¶ 4} On June 16, 2011, Johnson refiled the action in the Madison County Court of Common Pleas (*Johnson II*). The court ordered that Johnson "submit to an independent medical exam within the next 45 days or the matter will be dismissed with prejudice." On October 31, 2013, the court again dismissed the matter without prejudice.[1]

{¶ 5} On October 31, 2014, Johnson filed her complaint for the third time, once again alleging a right to participate in the workers' compensation fund for a right ACL tear (*Johnson III*).[2] The trial court granted BWC's motion for summary judgment on the third complaint, finding that Johnson invoked the Ohio savings statute to file her second complaint, and therefore she was not permitted to invoke it a second time.

{¶ 6} Johnson now appeals that decision, raising a single assignment of error for review.

## Summary Judgment Standard of Review

---

1. The parties agree that Johnson attended an independent medical exam. However, Johnson does not concede BWC's assertion that she failed to alert the court of her actions.

2. Johnson states that she mailed the complaint to the Madison County Court of Common Pleas on October 29, 2014, but that she also filed the complaint in Cuyahoga County on October 31, 2014 in order to ensure that the recommencement was filed within one year of the dismissal of the previous action. The Cuyahoga action was subsequently transferred to Madison County.

{¶ 7} Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial. *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). This court's review of a trial court's ruling on a summary judgment motion is de novo. *Lindsay P. v. Towne Properties Asset Mgt. Co., Ltd.*, 12th Dist. Butler No. CA2012-11-215, 2013-Ohio-4124, ¶ 16. In applying the de novo standard, the appellate court is required to "us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Bravard v. Curran*, 155 Ohio App.3d 713, 2004-Ohio-181, ¶ 9 (12th Dist.).

{¶ 8} Civ.R. 56 sets forth the summary judgment standard and requires for summary judgment that (1) there be no genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion being adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.*, 12th Dist. Fayette No. CA2007-08-030, 2008-Ohio-3077, ¶ 8. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 9} In response, the nonmoving party "may not rest on the mere allegations of his pleading, but * * * by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). In determining whether a genuine issue of material fact exists, the evidence must be construed in the nonmoving party's favor. *Walters v. Middletown Properties Co.*, 12th Dist. Butler No. CA2001-10-249, 2002-Ohio-3730, ¶ 10. A dispute of fact can be considered "material" if it affects the outcome of the litigation. *Myers v. Jamar Ents.*, 12th Dist. Clermont No. CA2001-06-056, 2001 WL 1567352, *2 (Dec. 10, 2001). A dispute of fact can be considered "genuine" if it is supported by substantial evidence that

exceeds the allegations in the complaint. *Id.* We are mindful of these principles in addressing the following assignment of error.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT.

{¶ 12} Within this assignment of error, Johnson raises two arguments. First, Johnson argues that the double-dismissal rule of Civ.R. 41(A) does not prevent the filing of *Johnson III* because the prior actions were not voluntarily dismissed. Second, Johnson argues that R.C. 2305.19, the Ohio savings statute, does not prevent the filing of *Johnson III* because it was commenced within one year of the preceding involuntary dismissal and within the applicable statute of limitations.

## Double-Dismissal Rule

{¶ 13} The double-dismissal rule contained in Civ.R. 41(A) provides that when a plaintiff files two unilateral notices of dismissal regarding the same claim, the second notice of dismissal functions as an adjudication on the merits of that claim, regardless of any language in the second notice stating that the dismissal is without prejudice. *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, syllabus, ¶ 10. Thus, in order for the double-dismissal rule to apply, the two preceding dismissals must be voluntary dismissals under Crim.R. 41(A).

{¶ 14} Here, it is undisputed that *Johnson I* and *Johnson II* were involuntarily dismissed. Accordingly, the double-dismissal rule does not apply to prevent the filing of *Johnson III*. However, regardless of whether the double-dismissal rule applies, a refiling must occur within the applicable statute of limitations or during the extended period permitted under R.C. 2305.19, the Ohio savings statute.

## Ohio Savings Statute

- 4 -

{¶ 15} Pursuant to R.C. 2305.19, the Ohio savings statute, a plaintiff has a limited period of time to refile a dismissed action that would otherwise be barred by operation of the statute of limitations. *Int'l. Periodical Distrib. v. Bizmart, Inc.*, 95 Ohio St.3d 452, 2002-Ohio-2488, ¶ 7. In pertinent part, R.C. 2305.19(A) provides,

> in any action that is commenced or attempted to be commenced, if in due time * * * the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶ 16} Although this court has previously recognized R.C. 2305.19 is a remedial statute that is to be given a liberal construction, we also acknowledge the savings statute cannot be used to keep actions alive indefinitely. *Eichler* at ¶ 18; *Hembree v. Mendenhall*, 12th Dist. Butler No. CA2006-06-129, 2007-Ohio-459, ¶ 8. Furthermore, Ohio courts have consistently held that the savings statute may not be utilized numerous times. *Thomas v. Freeman*, 79 Ohio St.3d 221, 227 (1997). *Accord Herbert v. Farmer*, 12th Dist. Warren No. CA2013-02-016, 2014-Ohio-877, ¶ 20. Indeed, if the rule were otherwise, "a plaintiff could utilize the savings statute to keep a cause of action alive long past the time that the statute of limitations expired. This would directly contradict the Ohio Supreme Court's pronouncement that R.C. 2305.19 is neither a tolling provision nor a statute of limitations unto itself." *Mihalcin v. Hocking College*, 4th Dist. Athens No. 99CA32, 2000 WL 303138, *4 (Mar. 20, 2000), citing *Reese v. Ohio State Univ. Hosp.*, 6 Ohio St.3d 162 (1983).

{¶ 16} In the present case, there is a dispute as to whether the actions were filed within the applicable statute of limitations. If the statute of limitations had not lapsed at the time the complaints were filed, Johnson was permitted to refile the second and third complaints without the necessity of invoking the savings statute because they were involuntarily dismissed without prejudice. Alternatively, if the statute of limitations had not

passed at the time *Johnson I* and *Johnson II* were filed, but subsequently expired before the filing of *Johnson III*, that action would remain permissible under R.C. 2305.19 within one year of the dismissal of *Johnson II*. However, if the statute of limitations expired prior to the filing of *Johnson II*, and thus required usage of the savings statute in that instance, Johnson would not be permitted to invoke the savings statute a second time in order to file *Johnson III*.

{¶ 17} Johnson argues that the statute of limitations for the action is governed by R.C. 4123.84 and R.C. 4123.52. In relevant part, R.C. 4123.84 provides as follows:

> (A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within *two years* after the injury or death:
>
> (1) Written or facsimile notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation[.]

(Emphasis added.)

{¶ 18} Johnson asserts that the two-year statute of limitations was satisfied by the allowance of the bilateral knee injuries. Johnson then cites R.C. 4123.52 for the proposition that the statute of limitations in the present action extends to five years after the last payment of a medical bill or payment of compensation. However, R.C. 4123.52 provides for the continuing jurisdiction of the industrial commission and workers' compensation administrator, not for the jurisdiction of a court of common pleas over an appeal of an industrial commission decision. There is no dispute that the claim was timely filed with the industrial commission or that the industrial commission had continuing jurisdiction. What is at issue in the present case is whether the actions challenging the industrial commission's decision fell within the statute of limitations for filing such actions.

{¶ 19} BWC argues that the proper statute of limitations is found in R.C. 4123.512(A), which provides as follows:

> (A) The claimant or the employer may appeal an order of the

industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state, or in which the contract of employment was made if the exposure occurred outside the state. * * * The appellant shall file the notice of appeal with a court of common pleas within *sixty days* after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision under division (D) of section 4123.511 of the Revised Code. The filing of the notice of the appeal with the court is the only act required to perfect the appeal.

(Emphasis added.)

{¶ 20} BWC is correct that 60 days is the proper statute of limitations for filing an appeal from an industrial commission decision. However, in the present case, the notice of appeal was timely filed and BWC conceded that the notice remained pending throughout the proceedings. Therefore, that statute of limitations was satisfied and did not bar the present action.

{¶ 21} Nevertheless, while the notice of appeal was timely filed, we find there is another statute of limitations that applies in the present case. R.C. 4123.512(D) sets forth the applicable statute of limitations for filing a petition following the filing of a notice of appeal. Specifically, R.C. 4123.512(D) provides that,

claimant shall, within *thirty days* after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action.

(Emphasis added.)

{¶ 22} In *Fowee v. Wesley Hall, Inc.*, 108 Ohio St.3d 533 (2006), ¶ 20, the Ohio Supreme Court recognized that R.C. 4123.512(D) sets forth a "30-day statute of limitations for filing the required petition." The *Fowee* Court held that an action in a workers'

compensation appeal is commenced upon the filing of the petition, not the notice of appeal. *Id.* at ¶ 15. In that case, the employer timely filed a notice of appeal, and the employee timely filed the required complaint. The employee subsequently dismissed the complaint. One year and 14 days after the dismissal, the employer moved for judgment on the pleadings because the employee failed to refile the complaint within one year. The Ohio Supreme Court held that the employee's failure to refile the complaint within the year allowed by the savings statute entitled the employer to judgment on the pleadings.

{¶ 23} Therefore, based on the Ohio Supreme Court decision in *Fowee*, we find that regardless of whether Johnson's notice of appeal was timely filed, the actions themselves can nonetheless be time-barred based upon the R.C. 4123.512(D) requirement that the petition or complaint be filed within 30 days of the notice of appeal.

{¶ 24} The parties agree that the notice of appeal and complaint in *Johnson I* were timely filed on March 15, 2010. *Johnson I* was involuntarily dismissed otherwise than upon the merits on June 30, 2010. While the filing of *Johnson II* was outside the applicable 30-day statute of limitations for filing the complaint, it was permitted under the savings statute as it was filed within one year of the previous dismissal. However, when Johnson filed her complaint for a third time in *Johnson III*, she was outside of the statute of limitations and had already invoked the savings statute in *Johnson II*. *Thomas* at 227. Thus, Johnson could not invoke the savings statute a second time to file *Johnson III*. *Herbert*, 2014-Ohio-877 at ¶ 20. Accordingly, the complaint in *Johnson III* was time-barred and BWC's motion for summary judgment was properly granted.

{¶ 25} In light of the foregoing, having found that (1) *Johnson III* was filed outside the statute of limitations for filing a petition with the trial court, and (2) the Ohio savings statute was previously invoked in filing *Johnson II* and thus could not be invoked to permit the filing of *Johnson III*, Johnson's sole assignment of error is overruled.

{¶ 26} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.