[Cite as *Bell v. Ohio Living Communities*, 2024-Ohio-4843.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

SAUNDRA BELL, AS THE ADMINISTRATOR OF THE ESTATE OF
KATHLEEN SANDERSON AND PERSONAL REPRESENTATIVE OF
KATHLEEN SANDERSON, DECEASED,

Plaintiff-Appellant,

v.

OHIO LIVING COMMUNITITIES DBA AND AKA OHIO LIVING PARK
VISTA ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 22 MA 0131; 23 MA 0002**

---

Civil Appeals from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2022 CV 00076

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

**JUDGMENT:**
Vacated.
Complaint Reinstated.
Reversed and Remanded.

*Atty. Louis C. Schneider*, Thomas Law Offices, PLLC, for Plaintiff-Appellant Saundra Bell, as the Administrator of the Estate of Kathleen Sanderson & Personal Representative of the Estate of Kathleen Sanderson, Deceased

*Atty. Stephen B. Yurik*, Owens & Yurik, LLC, for Defendant-Appellee Ohio Living Communities dba & aka Ohio Living Park Vista

*Atty. Daniel A. Leister* and *Atty. Ryan K. Rubin*, Lewis Brisbois Bisgaard & Smith LLP, for Defendant-Appellee Vivian Starr, D.O.

Dated:  September 17, 2024

---

**WAITE, J.**

**{¶1}**    This appeal involves the application of the saving statute, R.C. 2305.19. Appellant filed the same complaint for medical negligence and wrongful death three separate times.  The first time it was dismissed without prejudice by the trial court.  The second time the complaint was voluntarily dismissed.  The trial court dismissed the third complaint with prejudice because Appellant had previously availed herself of the saving statute, R.C. 2305.19, and based on its determination that the saving statute could be used only once.  In so doing, the trial court relied on an Eighth District case, which in turn relied on dicta from *Thomas v. Freeman*, 79 Ohio St.3d 221, 227 (1997), stating that "the savings statute can be used only once to refile a case."

**{¶2}**    Appellant contends that the *Thomas* case is no longer good law, because its holding was based on a prior version of the saving statute.  Appellant argues that a complaint may now be refiled any number of times as long as the requirements of the current saving statute are met.  The current version of R.C. 2305.19(A) provides for the refiling of a complaint within one year of a "failure otherwise than on the merits."  Since the second and third complaints were both filed within one year of their dismissal without prejudice, both of her refilings were permitted by the saving statute.

**{¶3}** The Ohio Supreme Court has recently ruled on this issue in *McCullough v. Bennett*, 2024-Ohio-2783. *McCullough* held that R.C. 2305.19(A) does not have a "one-time-use" restriction, and specifically rejected the dicta contained in *Thomas*. Based on *McCullough*, Appellant's argument is correct, and the trial court should not have dismissed her third complaint.

**{¶4}** Appellant also argues that attorney fees should not have been awarded to Appellee, Dr. Starr, because she had a good faith reason to refile the wrongful death claim a third time. As Appellant's appeal has merit and the matter must be returned to the trial court, Appellees have not prevailed at trial in this case, thus no attorney fees were properly awarded. The judgment of the trial court is vacated, the complaint is reinstated in its entirety, and the case is remanded for further proceedings.

<u>Facts and Procedural History</u>

**{¶5}** On December 4, 2019, Appellant Saundra Bell ("Bell") filed a complaint in the Mahoning County Court of Common Pleas against Appellees Ohio Living Communities d/b/a Ohio Living Park Vista ("Ohio Living") and Vivian Starr, D.O. ("Dr. Starr"), alleging medical negligence and wrongful death. This was assigned as Case No. 2019 CV 02464. Bell is the personal representative and administrator of the estate of Kathleen Sanderson, who died on December 8, 2018. Sanderson was alleged to have been a patient of Dr. Starr's and under the care and treatment of Ohio Living.

**{¶6}** The court dismissed the complaint without prejudice on April 17, 2020.

**{¶7}** On April 22, 2020, Bell refiled her complaint, Case No. 2020 CV 00776. Appellant voluntarily dismissed the complaint without prejudice on August 27, 2021.

{¶8} On January 13, 2022, Bell refiled the complaint a third time, in Case No. 2022 CV 00076. On February 16, 2022, Appellee Dr. Starr filed a motion to dismiss and a request for attorney fees. On March 15, 2022, Appellee Ohio Living filed a motion to dismiss. Both motions to dismiss argued that the statutes of limitations for both causes of action had expired by the time the third complaint was filed. Appellees' motions were based on the fact that Appellant had already utilized the saving statute to file the second complaint. They also argued that a saving statute can be used only once, and therefore, Appellant's third complaint was filed beyond the statutes of limitations.

{¶9} The matter was sent to a magistrate, who converted the motions to dismiss into motions for summary judgment. The magistrate granted dismissal on August 17, 2022. Appellant filed objections, but the trial court overruled the objections and adopted the magistrate's decision on September 14, 2022. The court noted that the statute of limitations for medical negligence was one year and had expired on December 8, 2019, and that the statute of limitations for wrongful death was two years and had expired on December 8, 2020. The court also awarded Appellee Dr. Starr's motion seeking attorney fees, but postponed a determination as to the actual fee amount for a later hearing. Appellant filed an appeal.

{¶10} As the amount of attorney fees had not yet been determined, we found that the trial court's September 14, 2022 order was not final and appealable. Accordingly, the appeal was dismissed.

{¶11} On November 14, 2022, the magistrate awarded Appellee Dr. Starr $4,717.50 in attorney fees. Appellant filed a premature appeal on December 13, 2022, which was given Appeal No. 22 MA 0131. Appellant then filed objections to the

magistrate's decision, and the trial court issued its final order on December 13, 2022, adopting the magistrate's decision. Appellant filed another appeal on January 12, 2023, which was assigned Appeal No. 23 MA 0002. The two appeals were consolidated on February 7, 2023.

**{¶12}** These appeals were heard on October 24, 2023, however we placed the matter in abeyance because the identical issue regarding R.C. 2305.19 was pending before the Ohio Supreme Court in *McCullough v. Bennett*, Case No. 2022-0879. Oral argument in *McCullough* took place on April 18, 2023 and the Court released its final judgment in *McCullough* on July 24, 2024. As the law pertinent to the cases have now been established, we reinstated this appeal immediately.

<u>Summary Judgment Standard</u>

**{¶13}** These appeals arose out of the trial court's decision to grant summary judgment in this case. Again, the court converted Appellees' motions to dismiss into motions for summary judgment. A trial court may convert a motion to dismiss for failure to state a claim when the motion provides matter outside the pleadings. *Jefferson v. Bunting*, 2016-Ohio-614, ¶ 3; Civ.R. 12(B). An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is

adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603 (8th Dist. 1995).

{¶14} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386 (8th Dist. 1997).

{¶15} The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327.

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S WRONGFUL DEATH CLAIM AS TIME-BARRED.

**{¶16}** Appellant argues that the trial court erred in granting summary judgment to Appellees based on the use, or misuse, of two distinct saving statutes. Appellant contends that the trial court dismissed the third complaint because it was filed in reliance on R.C. 2305.19(A). A saving statute, such as R.C. 2305.19(A), "affords a plaintiff a limited time period to refile a dismissed claim that would otherwise be time-barred." *McGraw v. Jarvis*, 2021-Ohio-522, ¶ 27 (10th Dist.). Appellant's argument is that the trial court relied on caselaw interpreting an earlier version of the saving statute restricting the saving statute to "one-time-use" only, but urges that the latest version of the saving statute does not include this restriction.

**{¶17}** Appellant also argues that there were two saving statutes at issue in this case, one for medical malpractice and one for wrongful death. There is a separate saving statute for wrongful death actions found in R.C. 2125.04, and it is similar to R.C. 2305.19(A). Appellant argues that even if the trial court was correct in dismissing the medical malpractice claim due to the expiration of the statute of limitations prior to the second filing of the complaint, the wrongful death claim should have survived. Even under the trial court's interpretation, Appellant states that the saving statute for wrongful death was only used once because the statute of limitations had not yet run on her wrongful death claim when the second complaint was filed.

**{¶18}** The crux of Appellant's argument is that the trial court relied on caselaw that interpreted earlier versions of the saving statutes. Crucial to this appeal is the fact that both saving statutes were substantially altered in 2004 and 2009. In earlier versions, there was a requirement that the statute of limitations had to expire prior to the time the case was dismissed otherwise than on the merits. In that scenario, the saving statute

allowed the plaintiff a year to refile the complaint, even though such filing was beyond the statute of limitations. The saving statute only applied if the case was filed prior to the expiration of the statute of limitations, but was dismissed otherwise than on the merits after the expiration of that statute of limitations. It was under these conditions that the "one-time-use" caselaw developed.

{¶19} Appellees respond that both the Ohio Supreme Court and this Court have previously held that a saving statute can only be used once. Appellees cite dicta in *Thomas v. Freeman*, 79 Ohio St.3d 221, 227 (1997): "[T]he savings statute can be used only once to refile a case." We have relied on the dicta in *Thomas* numerous times when interpreting R.C. 2305.19. See *Selmon v. Crestview Nursing & Rehab. Ctr., Inc.*, 2009-Ohio-5078, ¶ 3 (7th Dist.); *Hall v. Northside Med. Ctr. & Internal Medicine-Surgical Ctr.*, 2008-Ohio-4725, ¶ 36 (7th Dist.); *Gamble v. Patterson*, 2003-Ohio-6276, ¶ 1 (7th Dist.). Appellees contend that Appellant "used" the saving statutes (R.C. 2125.04 and R.C. 2305.19(A)) when she refiled her complaint the second time in April of 2020. Appellees conclude that Appellant could not then use the saving statute a second time when she filed the complaint for a third time in January, 2022.

{¶20} Appellees insist that the "one-time-use" rule equally applies to the current versions of the saving statutes. Most courts continue to hold (without any significant analysis) that the current saving statutes can only be used once, relying primarily on the pre-2004 *Thomas* dicta. According to Appellees, Appellant could not rely on either saving statute to refile her complaint in January 2022, because she had used the statutes in 2020.

{¶21} The version of R.C. 2305.19 in effect when the *Thomas* case was decided read as follows: "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, *and the time limited for the commencement of such action at the date of reversal or failure has expired*, the plaintiff . . . may commence a new action within one year after such date." (Emphasis added.)

{¶22} The italicized language was interpreted to mean that R.C. 2305.19 could only be used if: 1) an action was filed within the statute of limitations period; and 2) the action was then reversed or failed other than on the merits beyond the limitations period. If these two factors were met, the plaintiff was permitted to refile the action within one year. R.C. 2305.19 could not be used more than once, because any subsequent attempt would not satisfy the first factor. If a case had been refiled using the saving statute, any further attempt to refile it would necessarily have been filed beyond the statute of limitations for that action. *Frazier v. Fairfield Med. Ctr.*, 2009-Ohio-4869, ¶ 35 (5th Dist.).

{¶23} One major problem with the older version of the statute was that if a case was dismissed without prejudice just a few days before the statute of limitations was about to expire, R.C. 2305.19 would not apply. The plaintiff would be forced to rush back to the courthouse to refile the complaint within the statute of limitations period. The statute was revised in 2004 to solve that problem. *Dargart v. Ohio Transp.*, 2006-Ohio-6179 (6th Dist.).

{¶24} The 2004 version of R.C. 2305.19 is quite different than the previous statute:

In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶25} In 2004, the saving statute removed the requirement that a statute of limitations must expire prior to the case being dismissed otherwise than on the merits. The new statute allows for refiling a dismissed case, either within one year of a dismissal otherwise than on the merits or within the original statute of limitations, whichever is later. Appellant argues that this requires a completely different analysis of a case refiled in reliance on the saving statute. Caselaw interpreting the earlier saving statute, mostly stemming from the dicta in *Thomas*, no longer applies.

{¶26} The Ohio Supreme Court has very recently decided whether the current version of the saving statute can only be used once in *McCullough v. Bennett*, 2024-Ohio-2783 (decided July 24, 2024). *McCullough* was decided after oral argument in this appeal. Thus, the parties did not have the benefit of its analysis in presenting their arguments to this Court. In the Supreme Court case, Ryan McCullough filed a negligence suit against Joseph Bennett on January 15, 2018. The accident giving rise to the complaint occurred on April 27, 2017. The two year statute of limitations on this claim was to expire on April 17, 2019. The case was dismissed on February 28, 2018, without prejudice, for failure to prosecute. McCullough filed the complaint again on June 27, 2018, within the statute of limitations. The court dismissed the second complaint without

prejudice on November 27, 2018, prior to the expiration of the statute of limitations. McCullough filed the complaint a third time on September 12, 2019, after expiration of the statute of limitations. Bennett filed a motion to dismiss, arguing that the saving statute had already been used to save the second filing of the complaint and could not be used to save the third. The trial court agreed and dismissed the case.

{¶27} On appeal, the Second District Court of Appeals held that the saving statute is not "used" when a complaint is dismissed without prejudice and is refiled with the applicable statute of limitations. The court held that the dicta in *Thomas* regarding the "one-use" application of the saving statute no longer applied, because the saving statute had been rewritten in 2004 with different provisions. The holding in *Thomas* was no longer relevant because the statute on which *Thomas* was based had materially changed.

{¶28} The matter was appealed to the Ohio Supreme Court. The Court determined that there is no "one-time-use" restriction in the saving statute and declined to adopt the dicta interpretation in *Thomas*. *McCullough*, 2004-Ohio-2783, at ¶ 19. The Court held that the current version of R.C. 2305.19(A) is significantly different than the version interpreted in *Thomas*, and that the current version unambiguously allows the refiling of a case within one year if that case was dismissed otherwise than upon the merits, regardless of how many times it was previously filed. The current version does not require dismissal without prejudice after the expiration of the statute of limitations as a prerequisite to refiling. For this reason, there is no need to impose a judicial "one-time-use" restriction in the current statute. The statute simply allows refiling within one year if there was a dismissal otherwise than on the merits.

Case Nos. 22 MA 0131; 23 MA 0002

{¶29} In applying the *McCullough* decision to this appeal, we find that the filing of all three complaints were valid and the third complaint should not have been dismissed. The first filing was within both applicable statutes of limitation (one year for medical malpractice and two years for wrongful death). This complaint was dismissed without prejudice by the trial court on April 17, 2020. It was refiled on April 22, 2020, well within the one-year requirement of the saving statute. Appellant voluntarily dismissed her second complaint without prejudice on August 27, 2021. She refiled on January 13, 2022, again within the one-year requirement of R.C. 2305.19(A). The fact that one or both statutes of limitation may have expired by the second or third refiling is irrelevant for purposes of this analysis, because the complaints were filed within one year of the previous dismissals otherwise than on the merits.

{¶30} Appellant's assignment of error is meritorious, as her third complaint should not have been dismissed by the trial court.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED WHEN IT AWARDED ATTORNEY'S FEES
TO APPELLEE VIVIAN STARR, D.O.

{¶31} Appellant argues that the trial court should not have sustained Appellee Dr. Starr's motion for attorney fees. Generally, a prevailing party may not recover attorney fees from the opposing party simply because judgment was rendered in its favor. *Wilborn v. Bank One Corp.*, 2009-Ohio-306, ¶ 7. This is known as the "American Rule." *Cruz v. English Nanny & Governess School*, 2022-Ohio-3586. Nevertheless, there are exceptions to this rule, such as when a statute allows for an award of attorney fees, or

when the prevailing party demonstrates bad faith on the part of the unsuccessful litigant. *Wilborn* at ¶ 7. The award of attorney fees is premised on the idea that one party has prevailed in the case.

**{¶32}** Appellant's argument, here, is correct. Due to Appellant's meritorious argument in assignment of error number one, Appellant has been successful in this appeal and her complaint is reinstated. Hence, no party has yet to prevail on the merits of this case and Appellees have no basis on which to claim an award of attorney fees. Appellant's second assignment of error is also meritorious, and the attorney fee award is vacated.

### Conclusion

**{¶33}** Appellant argues on appeal that the trial court was incorrect in dismissing her third complaint on the grounds that a saving statute can only be used once. Appellant contends that the current version of the saving statute does not have a "one-time-use" restriction. The Ohio Supreme Court has recently ruled that the current version of the saving statute, R.C. 2305.19(A), may be used more than once if the conditions of the statute are met. Appellant's second and third refilings of the complaint were within the one-year period set by the saving statute. Therefore, the trial court should not have dismissed her third complaint. Further, Appellees should not have been awarded attorney fees because they have not yet prevailed on the merits of the case. Both of Appellant's assignments of error have merit. The judgment of the trial court is vacated, Appellant's complaint is reinstated, and the case is remanded for further proceedings.

Robb, P.J. concurs.

Hanni, J. concurs.

Case Nos. 22 MA 0131; 23 MA 0002

---

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is vacated. Appellant's complaint is reinstated, and the cause is reversed and remanded to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**