[Cite as *Curry v. Spherion of Mid-Ohio, Inc.*, 2024-Ohio-5645.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CARLINE M. CURRY | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2024 CA 0042 |
| SPHERION OF MID-OHIO, INC. ET AL., | |
| Defendant-Appellees | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Richland County Court of Common Pleas, Case No. 2024 CV 0070 R

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 27, 2024

APPEARANCES:

For Plaintiff-Appellant

MITCHELL A. STERN
27730 Euclid Avenue
Euclid, Ohio 44132

For Defendant-Appellees, Administrator
Bureau of Workers' Compensation

ANNA ISUPOVA
Assistant Attorney General
Workers' Compensation Section
Ohio Attorney General's Office
30 E. Broad Street, 15th Street
Columbus, Ohio 43215

For Defendant-Appellees

RICHARD A. HERNANDEZ
Perez & Morris, LLC
445 Hutchinson Avenue, Suite 600
Columbus, Ohio 43235

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Carline M. Curry appeals the June 11, 2024 Order entered by the Richland County Court of Common Pleas, which granted the motions to dismiss filed by defendants-appellees Spherion of Mid-Ohio, Inc. ("Spherion") and the Ohio Bureau of Workers' Compensation ("the BWC").

STATEMENT OF THE CASE[1]

**{¶2}** At all times relevant, Appellant was employed by Spherion. On October 18, 2018, Appellant sustained an injury which she alleged occurred while in the course of and arising out of her employment. Appellant filed a timely claim for workers' compensation benefits, which was disallowed on November 26, 2018. Appellant appealed the BWC's order. Via Order mailed December 28, 2018, the District Hearing Officer affirmed the order of the BWC and disallowed Appellant's claim. Appellant filed a timely appeal from the District Hearing Officer's decision to the Industrial Commission of Ohio. On February 28, 2019, the Staff Hearing Officer affirmed the District Hearing Officer's decision, and disallowed Appellant's claim, finding Appellant did not sustain the injury in the course of and arising out of her employment. Appellant filed a second appeal which was denied on March 26, 2019.

**{¶3}** On August 8, 2019, Appellant filed a Notice of Appeal and Complaint pursuant to R.C. 4123.512, appealing the Industrial Commission's decision (Case No. 2019 CV 0589). Appellant filed a voluntary dismissal without prejudice of Case No. 2019 CV 0589, on December 7, 2020. Subsequently, on November 24, 2021, Appellant filed a Notice of Appeal and Complaint, and Recommencement of Case No. 2019 CV 0589

---

[1] A Statement of the Facts is unnecessary to our disposition of this appeal.

(Case No. 2021 CV 0572R).  The trial court dismissed Case No. 2021 CV 0572R without prejudice on February 21, 2023.

**{¶4}**    On February 13, 2024, Appellant filed a Notice of Appeal and Complaint, and Recommencement of Case No. 21 CV 0572R ("the current case"). Spherion and the BWC filed motions to dismiss, arguing Appellant's current and second attempt to use R.C. 2305.19, Ohio Savings Statute, to refile her appeal of the Industrial Commission's decision was impermissible.  On May 1, 2024, Appellant filed a brief in opposition to Spherion's motion dismiss. Spherion filed a reply on May 7, 2024.

**{¶5}**    Via Order filed June 11, 2024, the trial court granted Spherion and the BWC's motions to dismiss.  The trial court found '[t]he current case was filed beyond statutes [sic] of limitations and violates the saving statute of R.C. § 2305.19 by attempting to use the statute for a second time."  June 11, 2024 Order Granting Defendants' Motions to Dismiss at p. 3.

**{¶6}**    It is from this order Appellant appeals, raising as her sole assignment of error:

THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO DISMISS ON THE BASIS THAT THE SAVINGS STATUTE, R.C. § 2305.19 DID NOT APPLY.

I

**{¶7}**    R.C. 2305.19(A), Ohio's savings statute, provides:

In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

**{¶8}** "Where a notice of appeal is filed within the time prescribed by [the workers' compensation statute] and the action is dismissed without prejudice after expiration of that time, R.C. 2305.19, the savings statute, is applicable to workers' compensation complaints filed in the common pleas court." *Lewis v. Connor*, 21 Ohio St.3d 1, 487 N.E.2d 285, syllabus (1985). The notice of appeal from an order of the industrial commission decision must be filed "with a court of common pleas within sixty days after the date of the receipt of the order appealed from." R.C. 4123.512(A).

**{¶9}** The saving statute allows a plaintiff to refile a lawsuit in certain situations after the applicable statute of limitations has expired. R.C. 2305.19 is a remedial statute and should be liberally construed. (Citations omitted.) *Johnson v. Jefferson Indus. Corp.*, 2015-Ohio-5035, ¶ 16 (12th Dist.). However, the savings statute cannot be used to keep actions alive indefinitely. (Citations omitted.) *Id.* R.C. 2305.19(A) "acts as an exception to the general bar of the statute of limitations" and is "intended to provide a litigant an adjudication on the merits." *Wilson v. Durrani*, 2020-Ohio-6827, ¶ 11.

**{¶10}** Appellant relies upon the Ohio Supreme Court's recent decision in *McCullough v. Bennett*, 2024-Ohio-2783, in support of her assertion the savings statute may be applied to a second re-filing as long as the trial court's dismissal of the first re-filing was without prejudice. We disagree with Appellant's assertion and find *McCullough* to be factually distinguishable from the instant action.

**{¶11}** In *McCullough*, the plaintiff filed a negligence suit against the defendant on January 15, 2018. The accident giving rise to the complaint occurred on April 27, 2017. *Id.* at ¶ 3. The two-year statute of limitations on the plaintiff's claim would expire on April 17, 2019. *Id.* at ¶ 5. The case was dismissed on February 28, 2018, without prejudice, after service was returned unclaimed. *Id.* at ¶ 3. The plaintiff re-filed the complaint on June 27, 2018, *before the expiration of the original statute of limitations*. *Id.* at ¶ 4. The trial court dismissed the second complaint without prejudice on November 27, 2018. *Id.* The plaintiff re-filed the complaint a second time on September 12, 2019, after expiration of the statute of limitations. *Id.* at ¶ 5. The defendant filed a motion to dismiss, arguing the saving statute had already been used to save the first re-filing of the complaint and could not be used to save the second re-filing of the complaint. *Id.* at ¶ 7. The trial court agreed and dismissed the case. *Id.*

**{¶12}** On appeal, the Second District Court of Appeals addressed, inter alia, whether the savings statute may be "used" more than once. *McCullough v. Bennett*, 2022-Ohio-1880, ¶ 27 (2nd Dist.) The Court of Appeals reasoned the plaintiff did not "use" the saving statute when he filed his second complaint, i.e., the first re-filing, because " 'using' the savings statute implies taking advantage of some right, benefit, or opportunity that the statute provides." *Id.* at ¶ 30. In the court's view, the plaintiff did not *use* the savings

statute when he filed his second complaint because he brought it within the statute of limitations; therefore, the plaintiff did not need to rely on the saving statute to render his second complaint timely. *Id.* at ¶ 31-34. Accordingly, the Court of Appeals reversed the trial court's judgment.

**{¶13}** The Ohio Supreme Court accepted review.

**{¶14}** The *McCullough* Court analyzed the current version of R.C. 2305.19(A) and found it to be significantly different from the version interpreted in *Thomas v. Freeman*, 79 Ohio St.3d 221, 227 (1997), which dealt with the pre-2004 amendment version of the saving statute. *McCullough*, 2024-Ohio-2783, ¶ ¶ 12-17. "The current version unambiguously allows the refiling of a case within one year if that case was dismissed otherwise than upon the merits, regardless of how many times it was previously filed." *Bell v. Ohio Living Communities*, 2024-Ohio-4843, ¶28 (7th Dist.). "The current version does not require dismissal without prejudice after the expiration of the statute of limitations as a prerequisite to refiling." *Id.* In *McCullough*, the Ohio Supreme Court found, because the plaintiff had filed his second complaint before the expiration of the statute of limitations, and his third complaint was filed within a year of the dismissal of the second complaint, the third complaint was saved by the plain language of the savings statute.

**{¶15}** In applying the *McCullough* decision to this appeal, we find the trial court properly dismissed the current case. Appellant filed her first Notice of Appeal and Complaint on August 8, 2019.[2] Appellant filed a voluntary dismissal without prejudice on

---

[2] While the parties state Appellant's first Notice of Appeal and Complaint was timely, on the face of Appellant's complaint in the current case, Appellant was appealing the February 28, 2019 decision of the Industrial Commission. Pursuant to R.C. 4123.512, Appellant's first complaint should have been filed by April 29, 2019. The parties offer no explanation as to why they believe the August 8, 2019 Notice of Appeal and Complaint was timely filed. See, Footnote 3, June 11, 2024 Order Granting Defendants' Motions to Dismiss.

December 7, 2020.  Appellant filed her second complaint on November 24, 2021, beyond the statute of limitations, but within one year of the dismissal of the first complaint. Appellant's second complaint was saved pursuant to R.C. 2305.19(A).  When the trial court dismissed the second case on February 21, 2023, the dismissal was a second "failure otherwise than upon the merits," and Appellant could not utilize the savings statute a second time in order to file the current case.

{¶16}  Appellant's sole assignment of error is overruled.

{¶17}  The judgment of the Richland County Court of Common Pleas is affirmed.


By: Hoffman, J.
Delaney, P.J.  and
Baldwin, J. concur