[Cite as *Bell v. Ohio Living Communities*, 2026-Ohio-848.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

SAUNDRA BELL, AS ADMINISTRATOR OF THE
ESTATE OF KATHLEEN SANDERSON
AND PERSONAL REPRESENTATIVE OF THE
ESTATE OF KATHLEEN SANDERSON,
DECEASED,

Plaintiff-Appellant,

v.

OHIO LIVING COMMUNITIES dba AND aka
OHIO LIVING PARK VISTA, et al.

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0066

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2022 CV 00076

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Louis C. Schneider*, Thomas Law Offices, PLLC, for Plaintiff-Appellant and

*Atty. Stephen B. Yurik*, Owens & Yurik, LLC, for Defendant-Appellee, Ohio Living Communities and *Atty. Ryan K. Rubin*, *Atty. Kyle W. Rea,* Lewis Brisbois Bisgaard & Smith LLP, for Defendant-Appellee, Vivian Starr, D.O.


Dated: March 12, 2026

---

**Robb, J.**

{¶1} Plaintiff-Appellant Saundra Bell as Administrator of the Estate of Kathleen Sanderson appeals the decision of the Mahoning County Common Pleas Court granting summary judgment in favor of Defendant-Appellees Ohio Living Communities dba Ohio Living Park Vista and Dr. Vivian Starr. Appellant contends the trial court failed to consider important filings and erred in striking her expert's report. She argues Appellees failed to meet their initial summary judgment burden and alternatively concludes she met her reciprocal burden. For the following reasons, the trial court's judgment is affirmed.

STATEMENT OF THE CASE

{¶2} The decedent died on December 8, 2018. Just under a year later, Appellant's first suit setting forth medical claims was filed against Appellees. In that action, the trial court entered a dismissal without prejudice due to Appellant's failure to file the affidavit of merit required by Civ.R. 10(D), despite being granted a 90-day extension. Mahoning C.P. No. 2019 CV 2464 (4/17/20 J.E.).

{¶3} Five days later, Appellant refiled the case, accompanied by a nurse's affidavit. Appellees moved to dismiss this second action due to the failure to attach an affidavit of merit from a physician. Instead, the trial court granted Appellant a 60-day extension, and she filed an affidavit of merit signed on August 13, 2020 by Dr. Perry Starer. The court then issued an October 15, 2020 scheduling order wherein Appellant was provided seven months to disclose an expert report. When Appellant did not disclose an expert report by the deadline, Appellees filed summary judgment motions based on this failure. Before the trial court could rule on summary judgment, Appellant voluntarily dismissed the action. Mahoning C.P. No. 2020 CV 776 (8/27/21 Vol.Dis.).

{¶4} Appellant refiled the action, resulting in the final trial court case number. Mahoning C.P. No. 2022 CV 76 (1/13/22 Complaint). Initially, the trial court granted

Case No. 25 MA 0066

judgment for Appellees after finding the statute of limitations for a medical claim expired by the time the third complaint was filed because the saving statute can be used only once to refile after the expiration of the limitation period. Appellant appealed the decision, and the case was stayed pending an Ohio Supreme Court decision on the same issue. *Bell v. Ohio Living Communities*, 2024-Ohio-4843, ¶ 8, 12 (7th Dist.).[1] After the Supreme Court held the relevant version of the saving statute did not prohibit multiple uses, we reversed the trial court's judgment and remanded for further proceedings. *Id.* at ¶ 26-33, applying *McCullough v. Bennett*, 2024-Ohio-2783 (where the Supreme Court ruled on R.C. 2305.19(A)'s saving statute).

{¶5} After our remand, the trial court held a status hearing and then issued a scheduling order with deadlines. Appellant was ordered to complete all discovery and disclose her expert narrative report on or before March 1, 2025. The dispositive motion deadline was set for April 1, 2025, and Appellees' deadline for any opposing expert reports was set for May 1, 2025. (10/31/24 Mag. Order).

{¶6} More than three weeks after Appellant's deadline expired, each Appellee filed a timely summary judgment motion based on Appellant's failure to timely disclose an expert report. (3/24/25 & 3/25/25 Motions). They urged this failure justified prohibiting Appellant from presenting testimony from an expert. They emphasized her case was based on medical claims that were unrecoverable as a matter of law without expert testimony and concluded there thus was no genuine issue of material fact.

{¶7} It was noted Appellant failed to seek an extension of the deadlines and never took any depositions. Pointing out this was a refiled action on a medical claim, Appellees directed the court to the same deficiency in the 2020 lawsuit, which Appellant dismissed after their summary judgment motions raised this same failure to provide an expert report before the scheduling order deadline. (They also reminded the court of dismissing Appellant's 2019 suit after she failed to file an affidavit of merit).

{¶8} On April 7, 2025, Appellant filed a motion to extend the deadlines for discovery, expert disclosure, and dispositive motions. She attached an expert report from Dr. Perry Starer dated two days prior and said she was seeking an extension so the report

---

[1] Various notices of appeal were filed, resulting in 22 MA 106 (dismissed for lack of a final appealable order), 22 MA 131, and 23 MA 2 (with the latter two appeals consolidated). *Bell*, 2024-Ohio-4843, at ¶ 10-11 (7th Dist.).

would be considered timely filed. She said Appellees still had time to conduct discovery or depose her expert. She contended they would not be surprised by her late disclosure because her expert was the same physician who signed the affidavit of merit attached to her complaint, and she claimed the opinions in the expert report reflected those in the one-page affidavit of merit.

**{¶9}** On the same day of the extension request, Appellant filed her opposition to Dr. Starr's motion for summary judgment. The next day, she filed her opposition to Ohio Living's motion for summary judgment, noting her opposition was "almost exactly the same" as the one she filed in response to Dr. Starr's motion. Although Appellant relied on the untimely expert report to oppose summary judgment, it was not notarized or accompanied by an incorporating affidavit.

**{¶10}** Appellant's opposition to summary judgment also said the medical records, policies, and photographs produced in discovery showed a genuine issue of material fact. She inserted into her argument a photograph of the decedent's wound, progress notes from a few dates, and a portion of a nursing policy on repositioning said to be from Ohio Living, all unauthenticated. She then attached as exhibits the August 13, 2020 affidavit of merit filed with the complaint, the unauthenticated April 5, 2025 expert report, and an unauthenticated point of care history on bed mobility and bed movement.

**{¶11}** Dr. Starr's April 14, 2025 reply in support of summary judgment objected to the expert report because it was not authenticated by affidavit and was untimely in any event. She additionally pointed out the affidavit of merit attached to the complaint did not satisfy the expert report requirement.

**{¶12}** At the same time, Dr. Starr filed a response in opposition to Appellant's April 7 motion to extend the deadlines, pointing out Appellant did not seek the extension until more than five weeks after her March 1, 2025 expert report deadline. She also waited until two weeks after the March 24 and 25 summary judgment motions by the defense and after the April 1 dispositive motion deadline. Dr. Starr's filing pointed to the same non-compliance and delay issues in the 2020 lawsuit. It was also noted Appellant took no depositions during discovery in any case.

**{¶13}** On April 15, 2025, the trial judge denied Appellant's motion to extend the deadlines. The court mentioned Appellant's voluntary dismissal of the 2020 lawsuit before the court could rule on pending summary judgment motions, the length of the time

the present case had been pending, and the existence of the deadlines since the October 31, 2024 scheduling order entered after a status hearing. The court said it was exercising its broad discretion in the management of its docket and the efficient administration of justice to deny the extension and maintain the litigation deadlines.

{¶14} Appellee Ohio Living then filed its reply in support of summary judgment, raising arguments similar to those in Dr. Starr's reply on the untimely and unauthenticated expert report and citing case law allowing summary judgment where the plaintiff fails to provide an expert report on a medical claim. It was pointed out the affidavit of merit attached to the complaint contained bare conclusory allegations, which were sufficient for filing a medical claim but not sufficient to qualify as an expert report.

{¶15} On April 25, 2025, Appellant filed two notices in an attempt to authenticate documents cited in her opposition to summary judgment (seeking to avoid the arguments about opposing summary judgment without proper Civ.R. 56 evidence). With the first notice, she attached answers to her interrogatories and attached her requests for production of documents (which were electronically provided to her in discovery by Dr. Starr in May 2021 and by Ohio Living in May 2021 and January 2025). She then attached documents cited in her opposition to summary judgment: a page of progress notes (showing some of the notes she cited); the same two-page point of care history; and a complete nursing policy.

{¶16} With the second notice, she attached the prior unsworn expert report and her expert's new affidavit containing the expert report (notarized[2] remotely the same day as the filing). Appellees moved to strike the untimely expert report, citing case law on the topic. They pointed out the judge already denied Appellant leave to extend the deadlines and the summary judgment briefing had concluded; thus, Appellant was ignoring (and asking the magistrate to ignore) the judge's denial of her extension request (which was not made until after Appellees' summary judgment motions).

---

[2] We note: the notary's name is typed in non-cursive font *under* a *blank* signature line; the required disclosure of the remote notary's physical location apparently relies on the location disclosed in the introduction to the physician's affidavit; the notarial certificate, if acting as an electronic seal, does not contain the required statements "Electronic Notary Public" and "Commonwealth of Virginia"; and any seal must be photographically reproducible. Va.Code 47.1-16 (and directing standards to be implemented); *A Handbook for Virginia Notaries Public* (Rev. 7/1/24) (Office of the Secretary of the Commonwealth of Virginia).

**{¶17}** On May 1, 2025, Appellant filed a motion for leave to file an attached surreply. She argued Appellees presented no summary judgment evidence disputing the claim in her complaint. She relied on the untimely expert report (now notarized) while noting the non-oral summary judgment hearing date (set for the next day) had not yet passed. She also cited to her untimely attempt to authenticate the other documents cited in her original opposition to summary judgment.

**{¶18}** At the same time, Appellant filed the affidavit of her attorney, labeled as a Civ.R. 56(F) affidavit. As for the reasons (for a continuance, which are required to be set forth under the rule), counsel recited some procedural history and prior arguments, including the theory Appellees had sufficient notice of Appellant's expert and the expert's opinion due to that expert's affidavit of merit (attached to the complaint as required by Civ.R. 10). Counsel indicated he only provided the unauthenticated report (in opposition to summary judgment on April 7, 2025) and then the authenticated report (on April 25, 2025) in order to appease Appellees upon reading their arguments. He also noted Appellees knew about the other documents he cited, as Appellees provided them in discovery.

**{¶19}** On May 8, 2025, the magistrate issued the decision granting summary judgment to Appellees. First, the decision granted Appellees' motion to strike Appellant's expert report and denied Appellant's motion for leave to file a surreply. In doing so, the magistrate recited how Appellant already asked for an extension of the deadlines for discovery, expert disclosure, and summary judgment filings in a motion (with an expert report attached). The magistrate then pointed out the trial judge already denied Appellant's motion for such extension while clearly opining an extension would operate to the great detriment and prejudice to the defense and further delay an old case on the court's docket. The magistrate concluded to permit a surreply (which is not called for by rule) or otherwise allow the submission of additional evidence would be in derogation of the trial judge's prior ruling and would be extremely prejudicial and a manifest injustice to Appellees.

**{¶20}** Next, the magistrate held Appellant cannot recover as a matter of law on her medical claims against Appellees under the well-established law requiring expert testimony for a medical claim because Appellant failed to provide an expert report during discovery and untimely attempts to file a report were rejected. As she could not recover

without an expert, it was thus concluded there was no genuine issue of material fact and Appellees were entitled to judgment as a matter of law.

{¶21} Appellant filed timely objections. First, she argued Appellees did not present any evidence to meet their initial summary judgment burden and she presented evidence showing a genuine issue for trial. Second, she said the magistrate should not have struck the affidavit of her expert because Appellees were not surprised by it, as the same expert's affidavit of merit attached to the complaint opined a breach of the standard of care caused the decedent's injuries. Third, she complained the magistrate said she failed to file an opposition to the Ohio Living's summary judgment motion when she actually and timely filed such opposition on April 8, 2023 (14 days after Ohio Living's motion) at 7:37 p.m. (on the county's e-filing system).

{¶22} On June 11, 2025, the court entered summary judgment in favor of Appellees. In the judgment, the trial court overruled Appellant's objections, adopted the magistrate's decision, announced the decision was made into the court's judgment, and then recited the entire magistrate's decision within the judgment.

{¶23} Appellant filed a timely notice of appeal. On appeal, Appellant raises four assignments of error, which we shall address out of order in order to address the more procedural arguments first. We renumbered our headings accordingly.

<u>ASSIGNMENT OF ERROR ONE</u>

{¶24} First, we address Appellant's third assignment of error, which provides:

"THE TRIAL COURT ERRED WHEN IT HELD THAT APPELLANT DID NOT FILE WRITTEN OBJECTIONS TO THE MAGISTRATE'S DECISIONS AND FURTHER ERRED WHEN IT HELD THAT APPELLANT HAD NOT FILED A MEMORANDUM IN OPPOSITION TO APPELLEE OHIO LIVING'S MOTION FOR SUMMARY JUDGMENT."

{¶25} On the first topic raised in this assignment of error, Appellant points out she filed timely objections to the May 8, 2025 magistrate's decision and claims the trial court did not consider those objections. However, the first paragraph in the court's entry made the following announcement:

> This case is before this Court on this 5th day of June, 2025 upon reviewing the Magistrate's Decision, Findings of Fact and Conclusions of Law filed May 8, 2025, *Plaintiff's Objections* to the Magistrate's Decision filed May 22, 2025, Defendant, Vivian Starr D.O.'s *Response to Plaintiff's*

*Objections* to the Magistrate's Decision filed May 8, 2025 and the applicable law. Upon consideration thereof, *the Objections are overruled* and the Magistrate's Decision is hereby adopted and made the action, judgment and order of this Court. Therefore, judgment is hereby entered as follows: (6/11/25 J.E., ¶ 1). This language identifying the objections by date filed and party filing makes clear the trial court reviewed Appellant's objections.

**{¶26}** Moving past these remarks, Appellant's brief focuses on what appears to be a stray paragraph in the judgment. Before fully quoting the magistrate's decision as the court indicated it would, the second paragraph of the judgment said: "This matter was considered on the Magistrate's Decision filed May 8, 2025. After review pursuant to Civ.R. 53(D)(4), the Court finds that no written objections have been filed and that no error of law or other defect appears on the face of the Magistrate's Decision. Therefore, the Magistrate's Decision is hereby adopted and made the action, judgment and order of this Court." *Id.* at ¶ 2.

**{¶27}** The third paragraph then repeated (for the third time), "Therefore, Judgment is hereby entered as follows:" after which the court recited the three-plus-page decision of the magistrate in its entirety and thereby entered summary judgment in favor of Appellees. *Id.* at ¶ 2. The entirety of the court's language including the repeated phrase ("Therefore, the judgment is hereby entered as follows") suggest the second paragraph's recitation that "no written objections have been filed" was an accidental remnant or miscutting from a template.

**{¶28}** Most notably, the first paragraph was extremely specific; it did not merely contradict the second paragraph by declaring that the objections were considered and were overruled. That is, the first paragraph not only said the objections were reviewed and overruled but also *explicitly identifying the objections by designating the party who filed them ("Plaintiff")* and the date that party filed them. Likewise, the court pointed to a "Response to Plaintiff's Objection to the Magistrate's Decision" by specifying the date the response to the objection was filed and by identifing not only the party who filed the response to objections ("Defendant") but also expressly naming the person ("Vivian Starr, D.O.") who filed that response. Read as a whole, it is apparent the court in fact considered Appellant's objections to the magistrate's decision. Hence, Appellant's first argument is overruled.

Case No. 25 MA 0066

{¶29} The other argument Appellant presents within this assignment of error concerns the court's failure to consider her opposition to one of the similar summary judgment motions.  Dr. Starr filed the first summary judgment motion on March 24, 2025.  Ohio Living filed its summary judgment motion the next day.   Appellant responded in opposition to Dr. Starr's motion on April 7 and waited until the next day to respond to Ohio Living's motion.  Both of Appellant's oppositions were timely.

{¶30} Although the trial court reviewed Appellant's response in opposition to Dr. Starr's summary judgment motion and recognized Ohio Living filed a reply in support of summary judgment, the court believed Appellant filed only one response in opposition, the one referring solely to Dr. Starr's motion.  This mistaken belief was first expressed by the magistrate's decision and then repeated in the trial court's judgment.

{¶31} Although the court's observation was incorrect, it was harmless and was not the basis for the summary judgment in any event.   On this topic, the court merely observed, "It is interesting to note that Plaintiff never filed a memorandum in opposition to the motion for summary judgment of Defendant, Ohio Living Communities." Regardless, the court then concluded Appellant's failure to timely disclose an expert report justified the granting of summary judgment to Appellees after striking the untimely affidavit containing the expert report (issues analyzed under other assignments of error).

{¶32}  As Dr. Starr points out, Appellant's argument about the court's misstatement is irrelevant to the summary judgment granted to her; the court expressly recognized Appellant's opposition to Dr. Starr's summary judgment motion.   Notably, in Appellant's opposition to Ohio Living's summary judgment motion, she acknowledged the filing was "almost exactly the same" as the one she filed to oppose Dr. Starr's motion.  Our review confirms Appellant made the same arguments and presented the same unauthenticated information in both oppositions.   Moreover, both summary judgment motions revolved solely on the same legal argument concerning the effect of a plaintiff's failure to timely disclose an expert report.   It is undisputed the court reviewed Appellant's opposition to Dr. Starr's summary judgment motion.

{¶33}  By considering her opposition to Dr. Starr's motion, the trial court effectively considered the contents of Appellant's opposition to Ohio Living's motion and essentially considered the opposition itself.  Due to the admittedly replicated arguments in her two oppositions and the fact that the trial court entered judgment based on those arguments

and not based on the perceived lack of a separate opposition to one of the motions, Appellant's argument is not dispositive. Accordingly, this assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

{¶34} Appellant's fourth assignment of error, which we are addressing second, alleges:

"THE TRIAL COURT ERRED WHEN IT STRUCK THE AFFIDAVIT OF PERRY STARER, M.D."

{¶35} A pretrial conference is used to generate a scheduling order, which assists in fulfilling various purposes, including: to expedite disposition; to establish early and continuing control so the case will not be protracted because of lack of management; to discourage wasteful pretrial activities; to improve the quality of the trial through more thorough preparation; and to facilitate settlement. Civ.R. 16(A)(1)-(5). A trial court's scheduling order properly limits the time by establishing timetables with deadlines for completing discovery, disclosing expert witnesses and their reports, and filing motions while otherwise facilitating the just, speedy, and inexpensive disposition of the action. Civ.R. 16(B)(3)(a), (C)(2)(o)-(p); Mahoning C.P. Civ.Loc.R. 2(D)(2).

{¶36} "The party with the burden of proof as to a particular issue shall be required to first submit expert reports as to that issue." Civ.R. 26(B)(7)(b); *see also* Civ.R. 26(B)(7)(e) (the discovery deposition cannot be taken until the expert report is received, and after receiving a plaintiff's expert report, the defendant can depose and use the plaintiff's own expert instead of hiring an opposing expert). The expert report "must disclose a complete statement of all opinions and the basis and reasons for them as to each matter on which the expert will testify. It must also state the compensation for the expert's study or testimony." *Id.* The disclosure of the expert's identity must include the expert's professional address and office telephone number and must be accompanied by the expert's report on every material issue. Mahoning C.P. Civ.Loc.R. 3(A)(2)-(3).

{¶37} In general, reports and supplemental reports cannot be filed if there are less than thirty days before trial unless good cause is shown. Civ.R. 26(B)(7)(c). Yet, in this action bringing medical claims, the court set Appellant's expert report deadline for thirty days before the deadline *for dispositive motions* (which have function as a substitute for trial when warranted by Civ.R. 56). It is undisputed the scheduling order was standard and appropriate.

{¶38} The scheduling order controls the course of the action unless the court modifies it. Civ.R. 16(D). The scheduling order may be modified only upon a showing of good cause and with the court's consent. Civ.R. 16(B)(4); Mahoning C.P. Civ.Loc.R. 2(E)(2) ("Such application for extension of time shall set forth the reasons why the discovery cannot be completed within the time assigned and will also provide the Court with a time schedule for the completion of the additional discovery.").

{¶39} "The parties shall submit expert reports and curricula vitae in accordance with the time schedule established by the Court." Civ.R. 26(B)(7)(b). If a party is unable to procure the expert report, the party must inform the court of good faith efforts and provide a detailed statement on various items related to the expert and anticipated testimony. Mahoning C.P. Civ.Loc.R. 3(A)(4). We also point to the general rule that if an extension is not requested until after the expiration of an order's deadline, then the party requesting a retroactive extension must show excusable neglect (instead of the mere good cause for an extension requested prior to the expiration of the deadline). Civ.R. 6(B).

{¶40} "[A] party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel." Civ.R. 26(B)(7)(c) (with an exception for a treating provider whose records were provided); *see also* Civ.R. 37(B)(1) (if a party fails to obey an order to provide discovery, the court may issue a further order), (b) (prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence), (c) (striking pleadings), (e) (dismissing the action).

{¶41} Where a rule provides the trial court can establish deadlines and exclude experts for violations, "the trial court ha[s] discretion to set a deadline by which expert reports had to be filed, and to enforce its order by excluding all testimony relating to reports filed past the deadline." *Paugh & Farmer, Inc. v. Menorah Home for Jewish Aged*, 15 Ohio St.3d 44, 45-46 (1984). In *Paugh*, the Supreme Court *found no abuse of discretion in excluding the appellant's expert from testifying at trial* where: the expert report was not provided by the scheduling order's deadline; the trial date was continued after the deadlines expired; the appellant's subsequent request for a deadline extension was not addressed by the trial court; and the appellant provided an expert report one week prior to trial. *Id.* at 44-46.

Case No. 25 MA 0066

**{¶42}** In accordance, a decision to grant or deny a request to extend deadlines or a motion to strike for filing a document after the expiration of a deadline will not be reversed absent an abuse of discretion. *Id.*; *Adkins v. Women's Welsh Club of America Found.*, 2021-Ohio-1084, ¶ 11 (8th Dist.). An abuse of discretion is more than an error in judgment but requires a finding that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990). "[W]hen applying this standard, an appellate court is not free to substitute its judgment for that of the trial judge." *Id.*

**{¶43}** Appellant says a trial court should strive to hear cases on their merits, noting the rule is to be construed to effect just results. *See* Civ.R. 1(B) ("These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice."). Appellant disputes the trial court's finding that Appellees would be prejudiced by accepting the untimely affidavit with the expert report. She insists the fact that she used the same expert who filed the affidavit of merit attached to the complaint meant Appellees were sufficiently aware this expert would be testifying to the general opinion in the affidavit of merit that Appellees breached the standard of care regarding the decedent's treatment. Elsewhere, Appellant presents an argument about her attorney's affidavit purportedly filed under Civ.R. 56(F), which she suggests should have persuaded the court to reopen the deadlines or otherwise prompted the court to consider her evidence. Despite the various deadlines passing, she notes the trial date was still months away.

**{¶44}** In *Adkins*, a plaintiff bringing a medical claim sought an extension of the expert report deadline in response to summary judgment motions filed due to the failure to disclose a report, but the trial court denied the extension finding no reasons were sufficiently provided. *Id.* at ¶ 7. When the plaintiff submitted the report anyway, the court struck it. *Id.* at ¶ 8, 10. The Eighth District found no abuse of discretion. *Id.* at ¶ 17, 25.

**{¶45}** In another cited Eighth District case, the plaintiff responded to summary judgment by filing a previously-undisclosed expert report four weeks after his deadline. *Wallace v. Halder*, 2009-Ohio-3738, ¶ 17 (8th Dist.). Considering the history of the case, including prior extensions, the reviewing court found the trial court did not abuse its discretion by excluding the late report from the case and thus from consideration at summary judgment. *Id.* at ¶ 21-22.

Case No. 25 MA 0066

**{¶46}** Likewise, the Sixth District held: "An expert report that is disclosed for the first time in response to a motion for summary judgment—beyond the expert-report and discovery deadlines—may be excluded." *Nuckols v. Consol. Rail Corp.*, 2024-Ohio-1070, ¶ 18 (6th Dist.), citing *Roush v. Butera*, 2012-Ohio-2506, ¶ 37 (8th Dist.). The court accordingly concluded: "It was within the discretion of the trial court to strike his untimely filings and disregard expert reports that were not timely-disclosed." *Id.* at ¶ 19. The *Nuckols* court also pointed out even if the trial court would have overlooked the initial untimeliness, the court had no discretion to consider an unauthenticated expert report if the movant objected to the admissibility of evidence under Civ.R. 56. *Id.* at ¶ 23-24.

**{¶47}** The Ninth District, after finding the court did not abuse its discretion in denying a plaintiff leave to file expert reports, concluded: "Therefore, any expert reports that [the plaintiff] attempted to submit after the trial court's denial of a continuance were not properly before the court. Accordingly, the trial court was correct in disregarding the reports as attached to [the plaintiff's] response to [the physician's] summary judgment motion." *Braden v. Sinar*, 2008-Ohio-4330, ¶ 20 (9th Dist.).

**{¶48}** Here, the stricken affidavit of Appellant's expert was filed on April 25, 2025, along with the unauthenticated expert report (which was previously filed late without leave on April 7, 2025). This was after the passing of her March 1, 2025 deadline for filing an expert report, after the March 24 and 25 summary judgment motions based on the lack of expert report, and after the April 1, 2025 dispositive motion deadline. (10/31/24 Sched. Order). Appellant did not seek an extension before her deadline passed, which would have required showing of good cause. Civ.R. 6(B)(1); Civ.R. 16(B)(4). Instead, two weeks after each Appellee filed a summary judgment motion, Appellant opposed the motions with an unauthenticated expert report and other unauthenticated documents and filed a motion to extend the already-passed deadlines.

**{¶49}** This expert report and request for a retroactive extension was five weeks after the deadline for her expert report. And, this extension request was made simultaneous with the summary judgment opposition but was not brought under Civ.R. 56(F) and contained no affidavit. *See CitiMortgage, Inc. v. Beam*, 2014-Ohio-3809, ¶ 19-22 (7th Dist.) (finding no abuse of discretion in denying motion for extension to oppose summary judgment motion while pointing out the motion for an extension was facially deficient due to the absence of the supporting affidavit required by rule); *Ramos v. Khawli*,

2009-Ohio-798, ¶ 38 (7th Dist.) (the motion for additional time must be supported by the non-movant's affidavit); *see also Carbone v. Austintown Surgery Ctr., L.L.C.*, 2010-Ohio-1314, ¶ 28, 31-33 (7th Dist.) ("no error by ruling on the summary judgment motion without ruling on Carbone's motion to extend discovery. The court's ruling on the summary judgment motion was not premature, because Carbone failed to avail himself of the procedures contained in Civ.R. 56(F) . . . an appellant who failed to seek relief under Civ.R. 56(F) in the trial court has not preserved his rights thereto for purposes of appeal").

**{¶50}** As Dr. Starr's response to the extension request pointed out, Appellant engaged in similar non-complying and delaying conduct in the 2020 lawsuit (and this case was a refiling of that suit). Excusable neglect for requesting an extension of expired deadlines was not alleged or established. *See* Civ.R. 6(B)(2). In any event, good cause was not established either. In fact, the reasons expressed or alluded to could reasonably be classified as willful noncompliance.

**{¶51}** "Trial judges are entitled to exercise considerable discretion in the management of the cases on their dockets . . ." *In re Disqualification of Sutula*, 2004-Ohio-7351, ¶ 4; *see also Paugh*, 15 Ohio St.3d at 45-46. The trial judge's April 15, 2025 decision denying the April 7, 2025 motion for extension was not unreasonable, arbitrary, or unconscionable, and this decision is not specifically assigned as error on appeal.

**{¶52}** Although the trial judge denied Appellant's motion, Appellant filed the expert affidavit (with report) ten days later without leave of court, prompting Appellees' motions to strike. Almost a week later, Appellant's attorney filed what he characterized as a Civ.R. 56(F) affidavit (a topic relocated here from another section of Appellant's brief). This division of the summary judgment rule provides:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

Civ.R. 56(F). As in other discovery matters, the standard of review of a trial court's decision on a Civ.R. 56(F) request is whether the court abused its discretion. *State ex*

*rel. Denton v. Bedinghaus*, 2003-Ohio-861, ¶ 31 (where the Ohio Supreme Court found no abuse of discretion in denying the Civ.R. 56(F) continuance).

{¶53} A court ordinarily considers timing in conjunction with reasons in making discretionary decisions. Here, the affidavit of counsel was filed after the court denied the motion for extension of the deadlines. By this time, Appellees had already filed replies to Appellant's opposition to their summary judgment motions, and Dr. Starr had filed the motion to strike Appellant's untimely expert affidavit with report. Counsel's affidavit was essentially filed in response to a motion to strike.

{¶54} Furthermore, the purported Civ.R. 56(F) did not set forth explanations justifying the delay in obtaining the expert report or in authenticating it or the other unauthenticated items cited in Appellant's opposition. *See* Civ.R. 56(F); *see also Ramos* 2009-Ohio-798, at ¶ 39 (7th Dist.); *Theisler v. DiDomenico*, 140 Ohio App.3d 379, 383 (7th Dist. 2000) (a Civ.R. 56(F) continuance motion must be properly supported by the required affidavit). Instead, it was once again implied the failure to provide an expert report earlier was a chosen risk taken by Appellant (likely to avoid spending money on an expert report in hopes of settling instead of proceeding to trial).

{¶55} Rather than attesting to sufficient reasons for the delay, counsel's affidavit recited the procedural history and his prior arguments. For instance, he reiterated his theory that Appellees had sufficient notice of Appellant's expert from the affidavit of merit attached to the complaint (as required by Civ.R. 10). He also said Appellees knew about the other unauthenticated items cited in Appellant's opposition as those items were received from Appellees in discovery (which Appellant previously pointed out in her notice of filing of Appellees' answers to interrogatory answers and requests for production of documents). Counsel's affidavit additionally indicated he only decided to provide an unauthenticated report and then an authenticated report to appease Appellees upon reading their arguments (such as the argument against the sufficiency of an affidavit of merit as a substitute for an expert report). Again, this issue arose in the 2020 suit as well (before Appellant dismissed that suit and then refiled this suit in 2022).

{¶56} After the filing of the late expert affidavit with report and subsequent Civ.R. 56(F) affidavit, the court granted the request by the defense to strike the expert affidavit. In doing so, the magistrate pointed out the trial judge already denied Appellant's motion for an extension of the deadlines in the April 15, 2025 judgment entry containing the

judge's explanation that an extension would operate to the great detriment and prejudice to the defense and further delay an old case on the court's docket. The magistrate also opined a failure to strike the late affidavit would be extremely prejudicial and of manifest injustice to Appellees. The trial court agreed in overruling Appellant's objections and adopted the magistrate's decision. (6/11/25 J.E.).

**{¶57}** We point out Appellant's contention about the court failing to consider the Civ.R. 56(F) affidavit of counsel was not specified or even mentioned in the objections to the magistrate's decision. "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). Moreover, the final order's failure to specifically voice consideration of counsel's affidavit (used in an attempt to justify the untimely provision of an expert affidavit with report) does not equate to a failure to consider counsel's affidavit, especially where the same final order also granted Appellant's motion to strike the expert's affidavit with report.

**{¶58}** Considering the history of this case and the order of the filings after the motions for summary judgment, it was not unreasonable, arbitrary, or unconscionable to strike the expert affidavit filed after Appellant was previously denied an extension of the expert report deadline where that prior extension request was lacking in reasons establishing excusable neglect or even good cause. *See* Civ.R. 6(B). Appellant's explanations show she chose not to disclose the expert report by the deadline due to a desire to rely solely on a basic affidavit of merit (with the affidavit of merit being discussed in the next section). Contrary to the argument presented in this assignment of error, the trial court did not abuse its discretion in striking the untimely expert's affidavit with report. In accordance, this assignment of error is overruled.

<u>ASSIGNMENTS OF ERROR THREE & FOUR</u>

**{¶59}** Next, we analyze Appellant's arguments on the summary judgment burdens. In her first and second assignments of error, which we are addressing last, Appellant contends:

"THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEES WITHOUT ANY EVIDENCE TO SUPPORT THEIR MOTIONS FOR SUMMARY JUDGMENT."

"THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEES WITHOUT CONSIDERING THE AFFIDAVITS AND

<u>Case No. 25 MA 0066</u>

EVIDENCE PRESENTED BY APPELLANT, INCLUDING APPELLANT'S CIV.R. 56(F) AFFIDAVIT."

**{¶60}** Pursuant to Civ.R. 56(B), a party against whom a claim is asserted may move with or without supporting affidavits for a summary judgment in the party's favor as to the claim. The next division provides in part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

Civ.R. 56(C).

**{¶61}** This rule then explains, "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." *Id.*

**{¶62}** Accordingly, the summary judgment movant has the initial burden of stating why the movant is entitled to judgment as a matter of law and pointing to evidence showing there is no genuine issue of material fact. *Byrd v. Smith*, 2006-Ohio-3455, ¶ 10, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 294 (1996) (plurality). The non-movant then has a reciprocal burden. *Id.* The non-moving party's response must set forth specific facts showing there is a genuine issue for trial by using Civ.R. 56 evidence and may not rest upon mere allegations in the pleadings. *Id.*

Case No. 25 MA 0066

{¶63} Although the court is to consider the evidence in the light most favorable to the non-movant, summary judgment is not to be discouraged where the non-movant fails to respond with evidence supporting the essentials of his argument. *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 269 (1993). If the non-movant cannot so respond with such evidence in the time for her opposition to summary judgment, an affidavit seeking a continuance can be timely filed under Civ.R. 56(F), as discussed in the prior assignment of error.

{¶64} The material issues of each case depend on the substantive law, and only outcome-determinative and properly disputed facts will preclude summary judgment. *Byrd* at ¶ 12. We consider the propriety of granting summary judgment de novo. *Comer v. Risko*, 2005-Ohio-4559, ¶ 8 (where the Ohio Supreme Court reversed the appellate court and reinstated the trial court's grant of summary judgment).

{¶65} Appellant contends Appellees failed to meet their initial summary judgment burden and thus her reciprocal burden never arose. She says Appellees were not permitted to discharge their burden with the conclusory statement that she had no evidence to support her medical claim and alleges they failed to point to portions of the record showing a lack of genuine issues for trial. Pointing out the summary judgment evidence relevant to a movant includes the pleadings, she emphasizes the expert's affidavit of merit attached to her complaint. She concludes Appellees were required to present some Civ.R 56 evidentiary material, such as an expert affidavit denying their negligence, in order to shift the burden to her as the non-movant.

{¶66} Appellant highlights the following observation by the *Dresher* plurality: "a moving party does not discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. The assertion must be backed by some evidence of the type listed in Civ.R. 56(C) which affirmatively shows that the nonmoving party has no evidence to support that party's claims." *Dresher*, 75 Ohio St.3d at 293. We note her oppositions to summary judgment did not specifically argue Appellees failed to meet their initial burden.

{¶67} Furthermore, the *Dresher* Court additionally stressed: "[T]here is simply no requirement that a party who moves for summary judgment must support the motion with *affidavits* negating the opponent's claims . . . Indeed, there is no requirement in Civ.R. 56 that the moving party support its motion for summary judgment with any *affirmative*

Case No. 25 MA 0066

*evidence*, i.e., affidavits or similar materials *produced by the movant*." (Emphasis original.) *Id.* at 292. This is because the movant can inform the trial court of its legal argument and point to portions of the record already before the court, including the non-movant's pleading (and the non-movant's failures). *See id.* at 292-293.

{¶68} Accordingly, Appellees argue their summary judgment motions pointed to the medical claims in Appellant's pleading, to the deadlines in a court order, and to the law requiring a medical claim to be established by expert testimony. Moreover, their motions specifically asked the trial court to bar any future attempt by Appellant to present expert testimony due to her failure to provide an expert report by the deadline imposed by court order. From this, they conclude the court properly barred untimely attempts to add an expert report, which justified summary judgment as a matter of law because a medical claim cannot legally proceed to trial without expert testimony.

{¶69} In a medical claim case, "[t]he issue as to whether [the defendant] has proceeded in the treatment of a patient with the requisite standard of care and skill must ordinarily be determined from the testimony of medical experts." *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 130 (1976) (the plaintiff must have evidence that the defendant was unskillful or negligent and his want of skill or care caused injury to the plaintiff); *see also Ramage v. Central Ohio Emergency Serv. Inc.*, 64 Ohio St.3d 97, 103-104 (1992) (requiring expert testimony as to a nurse's negligence because the claim involved matters outside the common knowledge and experience of jurors on a nurse's professional skill and judgment); R.C. 2305.113(E)(3) (medical claim includes various actions against a nursing home and its employees).[3]

{¶70} Without an expert, "any allegation of negligence remains unspecified . . . [and] [w]here the plaintiff fails to present expert testimony that a physician breached the applicable standard of care and that the breach constituted the direct and proximate cause of the plaintiff's injury, a court may enter summary judgment in favor of the defendant-physician." *Armeni v. Aromatorio*, 2012-Ohio-1500, ¶ 32-34 (7th Dist.).

---

[3] A medical claim includes: claims arising out of the medical diagnosis, care, or treatment or claims arising out of the plan of care prepared for a resident of a home and either the claim results from acts or omissions in providing medical care or the claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment. R.C. 2305.113(E)(3),(c). It also includes claims arising out of skilled nursing care or personal care services provided in a home pursuant to the plan of care, medical diagnosis, or treatment. R.C. 2305.113(E)(3)(e).

**{¶71}** An affidavit of merit attached to a complaint containing a medical claim is simply required to say the affiant reviewed all medical records available to the plaintiff on the allegations and based on the affiant's familiarity with the applicable standard of care, the standard was breached by the defendants, which caused injury to the plaintiff. Civ.R. 10(D)(2)(a). Consistent with this rule, the one-page affidavit of merit attached to Appellant's complaint contained only these basic components by stating the affiant knew the standard of care, reviewed the medical records, and came to an opinion to a reasonable degree of medical probability that Appellees breached the standard of care in failing to prevent the infection and wounds that caused the decedent's injuries and contributed to her death.

**{¶72}** This rule specifically warns: "An affidavit of merit is required to establish the adequacy of the complaint and *shall not otherwise be admissible as evidence* or used for purposes of impeachment." (Emphasis added.) Civ.R. 10(D)(2)(d). Moreover, multiple courts have decreed the basic affidavit of merit required for asserting a medical claim does not constitute evidence under Civ.R. 56(C) and thus does not create a genuine issue of material fact to defeat a motion for summary judgment. *Schumacher v. Patel*, 2023-Ohio-4623, ¶ 22-26, 32 (10th Dist.); *Kinasz v. Diplomat Healthcare*, 2016-Ohio-2949, ¶ 10-11 (8th Dist.); *Babcock v. Albrecht*, 2012-Ohio-1129, ¶ 29-44 (11th Dist.), *Nye v. Ellis*, 2010-Ohio-1462, ¶ 36 (5th Dist.); *White v. Summa Health Sys.*, 2008-Ohio-6790, ¶ 19-22 (9th Dist.); *Braden*, 2008-Ohio-4330, at ¶ 20 (9th Dist.). "The affidavit of merit merely establishes the adequacy of the complaint. It does not constitute evidence in support of a plaintiff's claim, nor would the assertions therein ever be adequate to prove the merits of a medical liability claim." *White* at ¶ 22.

**{¶73}** Likewise, we have explained, "the affidavit of merit is for the purposes of filing a medical malpractice only and is not otherwise to be used as admissible evidence. Thus, it cannot be used as summary-judgment evidence." *Ramos*, 2009-Ohio-798, at ¶ 86 (7th Dist.), citing Civ.R. 56(E) (requiring the summary judgment affidavit to set forth facts that are admissible in evidence). Further, "an affidavit used for purposes of avoiding summary judgment is required to list the facts and not merely state final conclusory opinions on liability." *Id.* at ¶ 87 (where the physician added his own affidavit and a request for deemed admissions in moving for summary judgment), comparing Civ.R. 56(E) to Civ.R. 10(D)(2)(a)(i) through (iii). "When the affidavit of merit contains only the

bare allegations required by Civ.R. 10(D)(2), it is insufficient to oppose summary judgment." *McHugh v. Fraser*, 2019-Ohio-3733, ¶ 45 (7th Dist.).

**{¶74}** As stressed by Appellees, the affidavit of merit relied on by Appellant contained the bare assertions required by Civ.R. 10(D)(2), was not an export report, and was insufficient to oppose summary judgment. As for other evidence submitted by Appellant, where an objection to unauthenticated summary judgment evidence is made, a court cannot consider the evidence presented in opposition to summary judgment. *See, e.g.,* Civ.R.56(C); *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 2009-Ohio-2871, ¶ 10, 17 (where the Supreme Court noted a trial court can consider evidence that does not qualify under Civ.R. 56 *if* there is no specific objection). Here, Appellant's opposition to summary judgment relied on unauthenticated documents including an unauthenticated expert report (disclosed for the first time after the deadline closed), and Appellees objected to the evidence. *See* prior sections above. Thus, Appellant's second assignment of error about her reciprocal burden being met fails.

**{¶75}** Nonetheless, the threshold issue is whether a plaintiff's failure to disclose an expert report in discovery justifies the granting of summary judgment to a defendant-movant whose motion relies on the pleadings (the complaint raising a medical claim) and the plaintiff's failure to provide the expert report before the disclosure deadline or before the deadline for dispositive motions (as established by the record, including Appellant's acknowledgement in opposition) where the trial court denied the plaintiff's late extension request and struck the untimely expert report.

**{¶76}** Unlike a nonbinding and *nonmedical* case cited by Appellant, the case at bar is not about a plaintiff's failure to comply with a document production request in discovery where it was observed the defense should have filed a motion to compel before seeking summary judgment on the failure. *Bohl v. Travelers Ins. Group*, 2005-Ohio-963, ¶ 18 (4th Dist.) Here, the court already set an order with a deadline specifically requiring Appellant's expert report, and this was a medical case requiring expert testimony to justify proceeding to trial.

**{¶77}** We have generally held: "When the plaintiff fails to present expert testimony that the defendant physician/dentist breached the applicable standard of care and that the breach constituted the direct and proximate cause of the plaintiff's injury, summary judgment in favor of the defendant-physician is appropriate." *McHugh*, 2019-Ohio-3733

at ¶ 26 (7th Dist.) (where there was an expert deposition and report, but they were insufficient on the elements), citing *Armeni*, 2012-Ohio-1500 at ¶ 34 (7th Dist.) (where the movant-physician attached his own affidavit); *see also Click v. Georgopoulos*, 2009-Ohio-6245, ¶ 7, 20-22 (7th Dist.) (finding the plaintiff failed to produce an expert opinion as required for a medical claim where she failed to provide an expert report by the deadline and where the physician moved for summary judgment on this basis while also providing his own affidavit and an autopsy report).

**{¶78}** In a case cited by Appellees, the defendants moved for summary judgment on the basis that the plaintiff failed to produce an expert report and thus could not establish a prima facie claim for medical negligence while the plaintiff's appeal relied on the previously-filed affidavit of merit in arguing summary judgment was improper. *Kinasz*, 2016-Ohio-2949 at ¶ 5 (8th Dist.). In setting forth the law, the appellate court explained, "A party seeking summary judgment bears the initial burden of demonstrating an absence of genuine issues of material fact concerning an essential element of an opponent's case. *Id.* at ¶ 13, citing *Dresher* 75 Ohio St.3d at 292. "A moving party may satisfy this burden by showing an absence of evidence to support the nonmoving party's case." *Id.* The appellate court then found the trial court's summary judgment decision implicitly excluded any expert testimony due to the failure to timely disclose an expert report. *Id.* at ¶ 18-22.

**{¶79}** The *Kinasz* court concluded the movants met their initial summary judgment burden to show no genuine issues of material fact exist on essential elements of the plaintiff's medical claim because the movants pointed to the lack of a timely report and legally argued that without any expert testimony, the plaintiff would be unable to establish a prima facie case of medical negligence at trial (standard of care, breach, and how it proximately caused the injury). *Id.* at ¶ 21-22 (and then found the plaintiff failed to meet the non-movant's reciprocal burden by responding with evidence in opposition to the summary judgment motion).

**{¶80}** In the main case cited by Appellees, the defendants (physicians and a nursing home) moved for summary judgment on the plaintiff's medical claim by citing the expiration of the plaintiff's deadline for filing an expert report without an expert report being produced. *Adkins v. Women's Welsh Club of America Found.*, 2021-Ohio-1084, ¶ 7 (8th Dist.). The plaintiff immediately moved for an extension of time to submit her expert report in order to oppose summary judgment, citing Civ.R. 56(F) and 6(B). Although the

trial court denied the extension request finding insufficient reasons, the plaintiff disregarded the judgment and filed the expert report, prompting a motion to strike. *Id.* at ¶ 8. The trial court struck the report and granted judgment as a matter of law because the Civ.R. 56 record contained no expert testimony specifying the standard of care, the failure to meet the standard of care, or the causal link between the negligence act and the injuries. *Id.* at ¶ 9 (also pointing out the stricken report was not properly submitted through an affidavit in order to properly oppose to summary judgment).

{¶81} After affirming the exercise of discretion to strike the untimely report, the *Adkins* court affirmed the entry of summary judgment as follows:

> Without an expert report, which was properly excluded by the trial court, and no argument that the medical malpractice claims fall under the exception to the medical expert requirement, appellant failed to satisfy her reciprocal burden of presenting evidence to demonstrate that a genuine issue of material fact exists, or that an exception to the general rule requiring expert testimony exists in this case..

*Id.* at ¶ 25, quoting *Kinasz*, 2016-Ohio-2949, at ¶ 22 (8th Dist.). This is a consistent position taken by the Eighth District. *Id.; see also Myers v. John A. Hudec Cleveland Dental Ctr. Inc.*, 2022-Ohio-80, ¶ 14 (8th Dist.) (finding the movant meets the initial summary judgment burden by pointing to the lack of an expert report by the deadline in a medical claim case). These principles have been adopted by other districts as well.

{¶82} In a cited Tenth District case, the movants argued the non-movant failed to sufficiently support her medical claims with appropriate expert evidence and was not permitted to rely on a mere affidavit of merit. *Schumacher*, 2023-Ohio-4623, at ¶ 10 (10th Dist.). Because a medical claim requires expert testimony and because Civ.R. 26 precludes expert testimony without a timely report, the Tenth District concluded: "a plaintiff's failure to produce adequate expert reports to support the elements of the asserted medical claim may serve as a basis for summary judgment in favor of the defendant." *Id.* at ¶ 21, 35 (and then finding the plaintiff failed to meet her reciprocal burden). These principles were already well established in the Tenth District. *See, e.g., Gibson v. Ohio Dept. of Rehab. & Correction*, 2019-Ohio-4955, ¶ 5, 12-13 (10th Dist.) (where the defense moved for summary judgment on a medical claim on the sole basis that the plaintiff failed to provide an expert report in discovery, the court held: "Because

expert medical testimony is required to support a medical negligence claim, summary judgment in favor of the defendant is proper where the plaintiff both fails to produce an expert report and does not move for and receive a continuance under Civ.R. 56(F).").

**{¶83}** Likewise, in a Second District case, the defendant's summary judgment motion argued, "because [the plaintiff] had not filed his expert disclosure and reports by the deadline, he was precluded from using experts at trial, therefore making it impossible to prove his case." *Haworth v. Roman*, 2023-Ohio-3816, ¶ 9 (2d Dist.) (the plaintiff then disclosed his experts, and the defendant moved to strike as the disclosure was four weeks after the deadline). After upholding the trial court's discretion to exclude the expert report and finding the affidavit of merit attached to the complaint was not an expert report, the Second District concluded: "because [the plaintiff] was left without an expert witness to prove his medical malpractice claim, we conclude that the trial court did not err by granting summary judgment to any of the appellees." *Id.* at ¶ 15, 20, 32.

**{¶84}** Similarly, the Twelfth District upheld summary judgment where the movants cited to the plaintiff's failure to submit expert reports by the deadline (after holding the affidavit of merit attached to the complaint on a medical claim was not an expert report) *Potter v. South*, 2025-Ohio-2812, ¶ 9, 34-35 (12th Dist.). The court held: "Because the failure to produce an expert report bars a party from calling that expert as a witness, *see* Civ.R. 26(B)(7)(c), and because the absence of expert testimony bars the [Plaintiffs] from establishing the elements of medical malpractice, the trial court correctly granted summary judgment to the Defendants." *Id.* at ¶ 31. Disposing of an argument that summary judgment was too harsh for a discovery sanction, the Twelfth District opined the entry of summary judgment was "a legal conclusion the trial court was obliged to reach because the [Plaintiffs'] own conduct (that is, failing to produce an expert report) left them incapable, as a matter of law, of proving all of the elements of their medical malpractice claims." *Id.* at ¶ 34.

**{¶85}** We also note an alternative path was mentioned by the Eleventh District, instead of addressing a plaintiff's argument that the defendant's motion for summary judgment was not supported by Civ.R. 56 evidence (where it merely pointed to the deadlines in the record, the absence of compliance with the deadlines, and the law on the requirement of expert testimony for a medical claim). *Babcock*, 2012-Ohio-1129, at ¶ 8, 13 (11th Dist.). The appellate court pointed out an affidavit of merit is not an expert report

and the trial court was permitted to *dismiss* the case with prejudice due to the dilatory conduct of failing to file an expert report by the deadline (after considering the entire case history), regardless of the arguments on summary judgment. *Id.* at ¶ 18-28, 45 (where the plaintiff's motion to vacate argued the defense committed fraud upon the court by saying there was no expert report where an affidavit of merit was filed).

{¶86} For the first time in Appellant's reply brief, a case is cited for her argument that the moving medical defendants cannot rely on the lack of an expert report without pointing to other summary judgment evidence. In the cited case, the plaintiff missed her deadline for filing an expert report, the court denied her request for an extension, the defense moved for summary judgment, and the plaintiff responded by merely filing the affidavit of merit, which she characterized as an expert report. *Eschen v. Suico*, 2008-Ohio-4294, ¶ 4-6, 11-13 (9th Dist.).

{¶87} Initially, the Ninth District upheld the trial court's discretionary decision to strike the plaintiff's filing. *Id.* at ¶ 11-13. Although the Ninth District specifically agreed with the trial court's conclusion that the plaintiff "failed to provide an expert report to establish her prima facie claim of malpractice," the appellate court nevertheless concluded the movants failed to meet their initial burden because they did not provide or point to Civ.R. 56 evidence. *Id.* at ¶ 18-21 (rejecting an argument about the pleadings and opining the hospital and doctor should have filed the doctor's own affidavit with the summary judgment motions to provide an expert opinion on the standard of care and the lack of breach).

{¶88} However, later that year, the Ninth District upheld summary judgment where the defense-movant did not produce expert testimony in moving for summary judgment and simply relied on the legal ramifications of the plaintiff's failure to provide an expert report in a medical claim case. *White*, 2008-Ohio-6790, at ¶ 5, 17-25 (9th Dist.) (the plaintiff also brought an ordinary (non-medical) negligence claim and the motion cited from the plaintiff's deposition while noting he could not specify the negligence). As we pointed out in addressing a prior assignment of error above, the Ninth District first held the affidavit of merit was not a substitute for an expert report and did not create a genuine issue of material fact. *Id.* at ¶ 19-22. Pertinent to this assignment of error, the Ninth District also made the following legal conclusion: "[The hospital] met its initial *Dresher*

burden by demonstrating [the plaintiff's] failure to provide such expert testimony." *Id.* at ¶ 19.

**{¶89}** Moreover, in a subsequent case, the Ninth District again rejected a plaintiff's argument that the defendant-movant failed to meet the initial summary judgment burden by merely citing to the failure to provide an expert report. *Yates v. Brown*, 2010-Ohio-35, ¶ 13-17, 26-27 (9th Dist.) (in a legal malpractice action, which similarly required an expert report to show the plaintiff possessed expert testimony). The appellate court explained, "[the defendant's] sole argument in support of his motion for summary judgment is that [the plaintiffs'] failure to submit an expert report rendered them unable to make a prima facie case of legal malpractice." *Id.* at ¶ 10.

**{¶90}** On this contention, the *Yates* court concluded: "in the absence of expert testimony in support of [the plaintiffs'] claim for legal malpractice, the trial court did not err by granting summary judgment in favor of [the defendant who] met his initial burden by presenting evidence that the plaintiffs had not submitted an expert report in support of their claim. *Id.* at ¶ 20 (then finding the plaintiffs "failed to meet their reciprocal burden to show that they could in fact substantiate their claim with expert testimony"). The Ninth District specifically pointed out the ruling on the movant's initial burden was not based on the defendant-attorney's own affidavit, which he did not provide until his reply in support of summary judgment; instead, the ruling on the defendant's initial burden was based on the plaintiff's "failure to present expert testimony under circumstances in which such evidence was necessary to maintain their action for legal malpractice." *Id.* at ¶ 26.

**{¶91}** Here, Appellees' summary judgment motion pointed to summary judgment evidence by pointing to the pleadings. Civ.R. 56 (C) (including the pleadings as summary judgment evidence). That is, Appellant's complaint showed her claims were medical claims. The summary judgment motion also pointed to the record of the case and the trial court's own order requiring disclosure of expert reports by a certain date and the subsequent failure to provide the expert report as ordered. Moreover, Appellant's responses acknowledged her failure to previously provide any expert document (besides the affidavit of merit with the complaint). In addition, the trial court denied Appellant's deadline extension request and later struck a subsequent filing, in which Appellant attempted to file an amended report by authenticating the information in the prior report

that was also filed late and without leave in any event. The court's own orders therefore established on the record that an expert report was not timely disclosed.

**{¶92}** We also note Appellees' dispositive motions were combined requests for summary judgment *and for exclusion of testimony from any expert obtained by Appellant* due to her failure to obtain and produce an expert report after all those years. Had the court granted an extension of the expert report deadline or otherwise allowed the expert's report to be filed, then Appellees' precise summary judgment position would have fallen through; however, the court denied Appellant's request for a deadline extension and thereafter struck the attempt to file an amendment of a report that was already deemed untimely. As analyzed in the prior section, this was within the court's discretion. The summary judgment motion sought an application of the court's discretion on deadlines and then the law on expert testimony, the latter being a legal question that did not require a presentation of defensive facts on negligence. *See, e.g., State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 2006-Ohio-4574, ¶ 10 (where the Ohio Supreme Court found a non-movant's Civ.R. 56(F) continuance for additional discovery unnecessary because the motion for summary judgment permissibly raised purely legal arguments with no affidavits).

**{¶93}** Appellees met their initial burden in moving for summary judgment. Without expert evidence on the elements of her medical claims, Appellant could not meet her reciprocal burden (and would not have met her burden with unauthenticated items in any event). Consequently, we overrule the two assignments of error related to the summary judgment burden (assignments of error one and two, which we addressed together last).

**{¶94}** For the foregoing reasons, Appellant's four assignments of error are overruled, and the trial court's judgment is affirmed.

Waite, P.J., concurs.

Hanni, J., concurs.

Case No. 25 MA 0066

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**